MASONIC GRAND CHAPTER OF ORDER
OF EASTERN STAR, Appellant,

v.

Jewel B. SWEATT, Appellee.

No. 16045.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 6, 1959.

Rehearing Denied Dec. 4, 1959.

Brewster, Pannell, Leeton & Dean, Beale Dean and Henry E. Kerry, Jr., Fort Worth, for appellant.

Ernest May, Fort Worth, for appellee.

BOYD, Justice.

Masonic Grand Chapter of the Order of the Eastern Star appeals from a summary declaratory judgment holding null and void an order of appellant attempting to expel Jewel B. Sweatt from the Order of the Eastern Star.

Appellant is a fraternal and benevolent organization, incorporated without capital stock. Appellee was a member of a subordinate chapter, and it was admitted had she remained a member until her death, her beneficiaries would be entitled to collect insurance benefits which average more than $600 per member.

One point of error is predicated upon the court's overruling a special exception to appellee's petition that it showed that the matter involved was in the exclusive jurisdiction and determination of appellant, and there was no allegation that appellee had exhausted her remedies or had sought relief in the Grand Chapter itself.

■ The Constitution of the Grand Chapter was attached to an affidavit supporting the motion for summary judgment, and we do not find in that document any provision whereby appellee could have the action reviewed within the organization. Appellant's decision is by the Constitution made final. We therefore think those authorities are not applicable which hold generally that before an aggrieved member of a fraternal or benevolent society can resort to the court he must exhaust the procedural remedies provided in the organization. Willis v. Davis, Tex.Civ.App., 233 S.W. 1035; Wichita Council No. 120 of Security Ben. Ass'n v. Security Ben. Ass'n, 138 Kan. 841, 28 P.2d 976, 94 A.L.R. 629.

We think the court correctly held that the order of expulsion is null and void.

■ According to the provisions of the Constitution, all powers not specifically delegated by it to the subordinate chapters

are inherent in and are reserved by the Grand Chapter. We cannot agree with appellee, however, that since the subordinate chapters are given authority to try an offender-member and upon conviction to punish her by expulsion, indefinite suspension, definite suspension, or reprimand, the Grand Chapter divested itself of original jurisdiction in the present controversy.

According to the affidavits opposing the motion for summary judgment, and the minutes of the sessions of the Grand Chapter, appellee was seated on the platform, although she had no permission to be there; on several occasions she interrupted the proceedings by making statements and asking questions through a microphone near her; she was ordered by the Grand Patron to take a seat on the lower floor in front of the rostrum; she refused to move and continued to talk through the microphone; she was suspended for the day, but still refused to leave the rostrum; the Grand Marshall was ordered to remove the microphone, but appellee held on to it and would not permit it to be moved. On the next day the Warder was instructed to prevent appellee from entering the hall, but appellee struck the Warder's arm and shoved her aside, and entered; she sat on the rostrum that day, refused to keep order, and repeatedly disobeyed the presiding officers. On a later day of the session, appellee interrupted the proceedings to state that the Assembly had been "hood-winked" on the previous day by the presiding officers into adopting resolutions which were unwanted by, and unknown to, the delegates. One of the delegates then moved that appellee be permanently expelled because she had been guilty of disorderly conduct, had disrupted the proceedings, and had repeatedly disobeyed the presiding officers. This motion or resolution was referred to the Committee on Grievances and Appeals. Appellee was invited to make a statement to the Assembly concerning the charges, and also to go before the Committee on Grievances and Appeals, which invitations

she declined. The Committee also summoned her to appear before it and answer the charges preferred against her, but she declined. The matter was referred to the Committee before the noon recess. When the session reconvened in the afternoon, the Committee made its report, recommending that appellee be expelled permanently from the Order of the Eastern Star. This recommendation was carried by a vote of 204 to 7. There was no ballot.

We think the deliberations and report of the Committee on Grievances and Appeals add nothing to the validity of the attempted expulsion. That Committee's whole duty seems to be to "report with such recommendations as they may deem proper, upon all appeals from the proceeding or decisions of any chapter or Matron thereof, and upon all papers or documents relating to any matters of complaint or grievances appertaining to discipline which may be referred to them." There was not an appeal from a decision of a chapter or Matron. There was no paper or document relating to matters of complaint or grievances appertaining to discipline referred to the Committee.

It would seem that the only committee to which a motion or resolution to expel should be referred is the Committee on Rules. The Constitution provides that "It shall be the duty of this committee to determine penalties for offenses in violation of good decorum during the sessions of the Grand Chapter." We think the alleged misconduct is covered by the expression, "offenses in violation of good decorum." If so, it would appear that this Committee and not the Grand Chapter itself would determine the penalties.

But Rule 36 of "Rules of the Order for the Government of the Grand Chapter" is as follows:

"Any member persisting in the violation of these rules or order, after being called to order by the presiding officer, may be

reprimanded, suspended, or expelled from the Grand Chapter at its discretion."

Rule 36 is one of 60 rules in an unnumbered division of the Constitution. They lead to, if they do not compel, the inference that their purpose is only to govern the sessions of the annual Grand Communication of the Grand Chapter. The incidents reflected in this record took place in the sessions of the 1958 Grand Communication. It will be noted that Rule 36 does not in terms empower the assembly to expel a member from the Order of the Eastern Star, but from the Grand Chapter. Appellee argues persuasively that the most the Grand Chapter could have lawfully done was to banish appellee from its sessions. The point is interesting, but its determination is not deemed necessary to our disposition of the appeal.

■ If appellee's punishment had been limited to the deprivation of the fellowship to which membership entitled her, a different question would be presented. Deprivation of pecuniary benefits resulting from contractual relations is a different proposition, and is governed by different principles of law. The former may not involve due process, but the latter does.

■ "It is a fundamental principle of justice that no man may be condemned or prejudiced in his rights without an opportunity to make his defense. This rule is not confined alone to courts of justice and strictly legal tribunals, but is applicable to every tribunal which has the power and authority to adjudicate questions involving legal consequences." Taboada v. Sociedad Espanola De Beneficencia Mutua, 191 Cal. 187, 215 P. 673, 674, 27 A.L.R. 1508. In the absence of any by-law of a benefit society covering the subject, a member is entitled to a fair trial after due notice, by procedure analogous to judicial proceedings. Where by-laws of a benefit society expressly provide for expulsion without a trial, such ex-

pulsion is null and void. Berkhout v. Supreme Council Royal Arcanum, 62 N.J.L. 103, 43 A. 1.

■ The term "due process of law" is synonymous with "the law of the land," and its essential elements are notice, and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. 6 R.C.L. 446. It means "a law which hears before it condemns, which proceeds on inquiry, and renders judgment only after trial." 16A C.J.S. Constitutional Law § 567, p. 542.

■ An opportunity to "make a defense" involves more than notice and hearing, but time in which to prepare the defense. A precipitate trial, on the instant, does not meet the requirements. Ordinarily, counsel will be employed, witnesses' interviewed, and a study of the Constitution and by-laws will be made. Detailed procedures are set out for trials in the subordinate chapters, and they provide that the accused may be represented by counsel. A trial without time for the preparation of the defense is little different from a condemnation without a trial. We do not think appellee was given a reasonable opportunity to prepare her defense, in conformity with procedure in a court of law.

■ There seems to be a conflict between the provisions for the punishment of a member by and in the Grand Chapter, since Rule 36 purportedly empowers the Grand Chapter at its discretion to reprimand, suspend, or expel "from the Grand Chapter" a member who persists in the violation "of these rules or order," and the provision empowering the Committee on Rules "to determine penalties for offenses in violation of good decorum during the sessions of the Grand Chapter." The law seems to be that where there is a conflict between the provisions of the laws of a benefit society, they will be construed as favorably to the member and against the society as can reasonably be done. Wichita Council No. 120 of Security Ben.

Ass'n v. Security Ben. Ass'n, 138 Kan. 841, 28 P.2d 976, 94 A.L.R. 629, and authorities there cited. The matter was not referred to the Rules Committee.

The judgment is affirmed.