Sherry A. NANCE, Appellant,

v.

Thomas NANCE and Nelda Nance, Appellees.

No. 13–92–712–CV.

Court of Appeals of Texas, Corpus Christi.

July 31, 1995.

Dissenting Opinion of Justice Yañez Aug. 3, 1995.

Sherry A. Nance, Gatesville, pro se.

David Aken, County Atty., Sinton, for appellees.

Before SEERDEN, C.J., and DORSEY and YAÑEZ, JJ.

## OPINION

DORSEY, Justice.

Thomas M. Nance and Nelda Nance, appellees, sued Sherry A. Nance, appellant, for personal injuries to Thomas M. Nance and for the wrongful death of Thomas N. Nance. The injuries and death were caused by appellant shooting them. Appellant, although confined in state prison, appeared *pro se* by filing a written answer to appellees' action and a counter-claim seeking affirmative relief. After a non-jury trial, judgment was entered against appellant for $901,500, and she took nothing by her counter-claim. Appellant timely perfected appeal.

Appellant appears *pro se* in this Court. She has not filed a statement of facts.[1] The judgment reflects that Thomas M. and Nelda Nance appeared in court and, by attorney of record, announced ready for trial but that Sherry Nance did not appear "due to the results of the hearing of September 11, 1992." The judgment further reflects that no jury was demanded and the matter was submitted to the court. The Court, "after hearing the evidence and arguments of counsel," awarded damages to the appellees and found appellant's counterclaim without merit.

Appellant's first point, in its unedited entirety, recites:

TRIAL COURT ERRED IN FAILING TO JOIN PARTIES WITHOUT WHICH JUST ADJUDICATION CANNOT BE OBTAINED. AND FAILED TO COMBINE CAUSES WHICH WOULD HAVE BEEN INDICATED THEY HAD DONE BY THE GIVING OF COUNTERCLAIM THE SAME NUMBER OF THE WRONGFUL DEATH ACTION 20,112–A. WHICH WOULD HAVE INDICATED TO A PERSON REASONABLE PERSON THIS HAD BEEN DONE.

We cannot determine the exact nature of appellant's complaint. The transcript bears the trial court's number 20,112–A. Appellees' and appellant's pleadings, as well as the judgment and all other documents contained in the transcript, bear this same cause number. There is no motion in the record for leave to join other parties and no order indi-

---

1. An indigent appellant may secure a statement of facts for appeal by following the requirements of Tex.R.App.P. 53(j). The transcript does not reflect that appellant complied with this rule, nor does appellant complain about pursuing the appeal without a statement of facts.

cating the trial court refused to allow any requested joinder.

Appellant also asserts under this point of error that the trial court deprived her of constitutional rights by not notifying her of rulings on motions. The record before this Court, which consists of the transcript alone, fails to substantiate appellant's claim that the trial court failed to give appropriate notices. Point one is overruled.

In point two, appellant asserts:

TRIAL COURT FURTHER ERRED IN DISMISSING OF ACTION OF COUNTERCLAIM IN OPPOSITION TO RULE 41(2).

Appellant purports to quote Federal Rule of Civil Procedure 41(2). As this case was heard in state court, the federal rules are inapplicable. Therefore, appellant's argument is without merit.

■ If we treat the point as a challenge to the trial court's finding that appellant's counterclaim was without merit, we are nevertheless unable to reach the merits of the challenge because we lack a statement of facts. In the absence of a statement of facts, we assume the evidence, or lack of evidence, supports the judgment. *Simon v. York Crane & Rigging Co., Inc.,* 739 S.W.2d 793, 795 (Tex.1987). Point of error two is overruled.

Unedited, point three reads:

IN ACCORD WITH THE ABOVE NAMED RULE TRIAL COURT ERRED IN NOT RETAINING COUNTERCLAIM AS WAS NECESSARY FOR JUST ADJUDICATION TO DO THIS VIOLATED APPELLANTS RIGHT OF ACCESS TO COURTS WHICH ARE LIMITED BY VIRTUE OF HER INCARCERATION. THIS VIOLATED SUPREME LAW OF THE LAND AS SET DOWN BY THE SUPREME COURT.

■ Within her argument under this point, appellant asserts that she was deprived of property without due process of law and was denied access to the courts by the trial court's refusal to issue a bench warrant and refusal to appoint counsel for her in this matter. We presume appellant is complaining about the trial court's action on the appellees' claim as well as its action on appellant's counterclaim.

■ While we could extensively review the law relating to an indigent prisoner's right to be present at a civil trial, we find no such need in the present case. The courts addressing this issue have generally found that prisoners have no absolute right to appear personally at a civil proceeding, but the appellate courts have held that the trial court must balance, by considering various factors, the government's interest in protecting the integrity of the correctional system against the prisoner's right of access to the courts. *See Pruske v. Dempsey,* 821 S.W.2d 687, 689 (Tex.App.—San Antonio 1991, no writ); *Birdo v. Holbrook,* 775 S.W.2d 411, 413 (Tex.App.—Fort Worth 1989, writ denied); *Brewer v. Taylor,* 737 S.W.2d 421, 423 (Tex.App.—Dallas 1987, no writ); *Stone v. Morris,* 546 F.2d 730, 735 (7th Cir.1976); *but see Nichols v. Martin,* 776 S.W.2d 621, 623 (Tex.App.—Tyler 1989, no writ). Texas courts continue to apply this analysis. *See Armstrong v. Randle,* 881 S.W.2d 53, 57 (Tex.App.—Texarkana 1994, no writ); *Byrd v. Attorney General,* 877 S.W.2d 566, 569 (Tex.App.—Beaumont 1994, no writ).

In the present case, the transcript contains an order which reflects that after conducting a hearing, the trial court determined not to issue a bench warrant to secure appellant's presence at trial. The order reflects various findings demonstrating that the trial court did not arbitrarily refuse to issue the requested bench warrant.

■ An appellate court may reverse a trial court for abuse of discretion only if, after searching the record, it is clear that the trial court's decision was arbitrary and unreasonable. *Simon,* 739 S.W.2d at 795. We do not have a statement of facts from the

bench-warrant hearing, as noted above, because appellant failed to comply with the necessary Rules of Appellate Procedure. When an appellant fails to file a statement of facts on appeal, the reviewing court must presume that the evidence before the trial judge was adequate to support the decision. *Simon,* 739 S.W.2d at 795. Point of error three is overruled.

Appellant's fourth point reads:

THE TRIAL COURT ERRED IN BOTH DENYING THE JOINDER OF PARTIES AND IN NOT ALLOWING COUNTERCLAIM SEPARATE ADJUDICATION. THIS WAS DONE WITHOUT APPELLANTS KNOWLEDGE OF MOTION FOR THIS NOT KNOWING THIS COUNTERCLAIM WAS DENIED. JUDGE ABUSED HIS DISCRETION IN DOING THIS AND THEREBY VIOLATED APPELLANTS PRISONERS CONSTITUTIONAL RIGHTS, OF DUE PROCESS, EQUAL PROTECTION OF THE LAWS AND EQUAL ACCESS TO THE COURTS. ALSO THIS DENYING OF APPELLANTS BENCH WARRANT AND THE SUBSEQUENT RIGHT TO REPRESENT HER INTEREST IN LITIGATION TO DEPRIVE HER OF PROPERTY IS ALSO GROSS VIOLATION OF THE RIGHTS GUARANTEED BY THE SUPREME LAW OF THE LAND.

■ Under this point, appellant alleges that appellees' negligence exceeds that of her own negligence. Appellant also purports to cite another rule of federal procedure concerning consolidation of proceedings. We do not understand appellant's contentions. It is apparent that the trial court heard appellees' claims against appellant and appellant's counterclaim. *Nothing in the record shows that appellant attempted to join anyone else*

or that the trial court denied any joinder. With respect to appellant's counterclaim argument, we again resolve any complaint in appellees' favor as appellant has not furnished us with a statement of facts. *Simon,* 739 S.W.2d at 795. Point four is overruled.

In point five, appellant complains that, because of the contributory negligence statute, *see* Tex.Civ.Prac. & Rem.Code Ann. § 33.001 (Vernon Supp.1994), the trial court erred in awarding damages based on appellant's negligence. On the record we have, we cannot determine whether the trial court erred. Point five is overruled.

The judgment of the trial court is affirmed.

Dissenting Opinion by YAÑEZ, J.

YAÑEZ, Justice.

I respectfully dissent from the majority opinion. I find appellant's point of error number three meritorious. I would sustain appellant's due process points and reverse and remand.

Appellant filed an answer to Thomas and Nelda's petition and also counterclaimed against Thomas Nance, Nelda Nance, and Brenda Parr for money damages. Thomas and Nelda filed an answer to the counterclaim, as did Brenda Parr. Thereafter, appellant filed a motion for appointed counsel. She also requested a bench warrant so she could represent herself at trial. After a hearing on these motions, which appellant did not attend, the trial court denied both. The cause was heard on October 29, 1992, on which date appellees appeared and presented evidence. Appellant failed to appear, and the court entered a post-answer default judgment against her on appellees' claims.[1] Appellant took nothing on her counterclaim. Appellant complains that the trial court de-

---

1. A post-answer default judgment occurs when an answer is on file but the defendant fails to appear at trial. *Stoner v. Thompson,* 578 S.W.2d 679 (Tex.1979); *Peck v. Ray,* 601 S.W.2d 165, 166–67 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). When the defendant fails to appear on the date set for trial, the plaintiff must still appear and present evidence to support the cause of action. The defendant's failure to appear constitutes neither an abandonment of the answer nor an implied confession of any issues thus joined by defendant's answer. *Peck,* 601 S.W.2d at 167.

nied her right to counsel, deprived her of access to the courts, and deprived her of property without due process of law. I address appellant's due process claim because I deem it dispositive of the current appeal.

Appellant contends generally that she was denied due process because her claims were foreclosed and the judgment against her was essentially rendered *ex parte,* without adequate notice of the trial setting, and without the assistance of counsel. The record shows that appellant filed pretrial motions and a motion for new trial urging these contentions. I address the issues of the *ex parte* judgment and of the denial of access to the courts.

A small body of case law exists in Texas on an inmate litigant's right to personally appear at a civil trial. While prisoners have a right of access to the courts, an inmate does not have an unconditional right to attend a civil trial in which she is a litigant. *See Hudson v. Palmer,* 468 U.S. 517, 523, 104 S.Ct. 3194, 3198, 82 L.Ed.2d 393 (1984); *Bounds v. Smith,* 430 U.S. 817, 821–22, 97 S.Ct. 1491, 1494–95, 52 L.Ed.2d 72 (1977); *Ballard v. Spradley,* 557 F.2d 476, 479–81 (7th Cir.1977); *Stone v. Morris,* 546 F.2d 730, 735–36 (7th Cir.1976); *see Pruske v. Dempsey,* 821 S.W.2d 687, 689 (Tex.App.—San Antonio 1992, no writ); *Nichols v. Martin,* 776 S.W.2d 621 (Tex.App.—Tyler 1989, no writ); *Birdo v. Holbrook,* 775 S.W.2d 411 (Tex.App.—Fort Worth 1989, writ denied); *Brewer v. Taylor,* 737 S.W.2d 421, 423 (Tex.App.—Dallas 1987, no writ); *see generally Itel Capital v. Dennis Mining Supply,* 651

F.2d 405, 407 (5th Cir.1981). The inmate's attendance at trial is left to the trial court's sound discretion, guided by considerations of the State's interest in safety and incarcerating its prisoner against the inmate's need to be present to prosecute her claim. *Stone,* 546 F.2d at 735–36; *Pruske,* 821 S.W.2d at 689; *Brewer,* 737 S.W.2d at 423.[2] Particularly relevant to the trial court's decision is the question of whether the denial of an appearance would completely foreclose the inmate's opportunity to be heard. *Nichols,* 776 S.W.2d at 623. In this case, I would hold that the trial court's denial did deprive appellant of all opportunity to be heard, and it violated her right to due process and her right of access to the courts.

The cases on right of access have almost uniformly come down in favor of the State's interest in maintaining incarceration. *Ballard v. Spradley,* 557 F.2d 476, 479–81 (7th Cir.1977); *Stone v. Morris,* 546 F.2d 730, 735–36 (7th Cir.1976); *Birdo v. Holbrook,* 775 S.W.2d 411 (Tex.App.—Fort Worth 1989, writ denied); *Brewer v. Taylor,* 737 S.W.2d 421, 423 (Tex.App.—Dallas 1987, no writ); *cf. Pruske,* 821 S.W.2d at 689; *Nichols,* 776 S.W.2d at 621. However, none of the cases to which we have looked for guidance present the same facts as the case at bar. The inmates in the prior cases were plaintiffs or defendants who had some legal representation. *See Itel Capital v. Dennis Mining Supply,* 651 F.2d 405, 407 (5th Cir.1981); *Armstrong v. Randle,* 881 S.W.2d 53, No. (Tex.App.—Texarkana 1994 n.w.h). The only case significantly similar is *Pruske.* There, the appellate court vacated a post-

---

**2.** The court must consider the following factors:
a) the cost and inconvenience of transporting the prisoner;
b) the security risk and potential danger to the court and public of allowing the prisoner to attend court;
c) whether the prisoner's claims are substantial;
d) whether a determination of the matter can reasonably be delayed until the prisoner is released;
e) whether the prisoner can and will offer admissible noncumulative testimony which cannot be offered effectively by deposition, telephone, or otherwise;

f) whether the prisoner's presence is important in judging his demeanor and credibility compared with that of other witnesses;
g) whether the trial is to the court or to a jury; and
h) the prisoner's probability of success on the merits.
*Stone,* 546 F.2d at 735–36; *Brewer,* 737 S.W.2d at 423; *cf. Ballard,* 557 F.2d at 481 (court should not base the exercise of its discretion on the merits of the claim so as not to focus on the ultimate result of the action rather than the need for the prisoner's testimony *vis a vis* the difficulty in securing it).

answer default judgment and remanded so the trial court could conduct a *Brewer*-type balancing test on the inmate's interest in personally appearing.

The case at bar goes beyond *Pruske*. The court below entered findings on the *Brewer* factors. However, I find that the findings are wholly conclusory and inadequate to satisfy due process considerations. The trial court's findings merely parrot the *Brewer* factors, reciting the language, and indicating that the court found against appellant on each one. We do not know what evidence, if any, the trial court considered on those factors. Findings that recite *specific* facts and not mere conclusions are necessary to enable the appellate court to review the basis for the trial court's ruling. The purpose of having the trial court prepare findings on the *Brewer* factors in a case such as this is so that such a review will be possible. *See Nichols v. State*, 810 S.W.2d 829, 831 (Tex.App.—Dallas 1991, pet. ref'd).

Particularly disturbing are the trial court's findings that state:

> The Court further finds that Sherry A. Nance's presence is not important in judging her demeanor or credibility compared to that of any other witness's.

> The Court further finds that the prisoner will not or cannot offer any admissible noncumulative testimony that could not otherwise be offered effectively by deposition, telephone or otherwise if should [sic] choose to do so.

The trial court should not base the exercise of its discretion on the merits of the claim. *Ballard v. Spradley*, 557 F.2d 476, 481 (5th Cir.1977). I agree with the *Ballard* court that a preliminary determination of the merits of the prisoner's case is improper. Moreover, the final judgment states that the appellees appeared at the "trial on the merits," that appellant was absent due to the denial of the bench warrant, that "all matters of fact and things in controversy were submitted to the Court," and that appellees were entitled to recover. The record before us does not show that appellant was accorded due process. While the trial court found that appellant could offer deposition or other evidence "if she chose," the record does not support that finding. It does not show that any provision was made for receiving appellant's evidence, particularly inasmuch as she was not present and had no representation. It is clear from the appellant's pleadings and motions that she did not intend to default and that she was attempting to defend against appellee's claims. As a practical matter in an adversarial proceeding, a party who is not present and is not represented by counsel will find it difficult indeed to offer evidence and defend a claim. The record does not show that any special provisions were made for receiving evidence in appellant's favor. Appellant alleged contributory negligence and failure to mitigate damages in her answer. She did not have a fair opportunity to present evidence on these pleadings.

At the very least, our system of justice comprehends due process to include notice and an opportunity to be heard. *See Mullane v. Cent. Hanover Bank & Trust*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Ex parte Peterson*, 444 S.W.2d 286, 289 (Tex. 1969). Due process has been held to mean "notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case; and it means a law which hears before it condemns, which proceeds on injury, and which renders judgment only after trial." *See Masonic Grand Chapter of Order of Eastern Star v. Sweatt*, 329 S.W.2d 334, 337 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n.r.e.). "An elementary and fundamental requirement of due process for any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *State v. Rumfolo*, 545 S.W.2d 752, 754 (Tex.1976). This did not happen in the present case. The record shows that appellees filed suit on July 2, 1991. Trial "on the merits" was held on October 29, 1992, only two months after the hearing on appellant's

request for a bench warrant, and five months after appellant's original answer.[3] The case proceeded expeditiously and appellant, in prison, was at a distinct disadvantage. It is a fundamental principle of justice that no man may be condemned or prejudiced in his rights without an opportunity to make his defense. *See Sweatt,* 329 S.W.2d at 337. An opportunity to "make a defense" involves more than notice and hearing, but time in which to prepare the defense. *Id.* at 337.

Appellant cannot successfully challenge the default judgment because she does not meet the *Craddock* test. *See Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939); *Director, State Employees Workers' Compensation Division v. Evans,* 889 S.W.2d 266 (Tex.1994). Appellant's absence from trial was not due to conscious indifference; neither was it due to a mistake or accident. *Evans,* 37 Tex.Sup.Ct.J. at 780; *see also Bank One, Texas v. Moody,* 830 S.W.2d 81, 83 (Tex.1992). She was incarcerated, and the case law does not address a situation where the *pro se* inmate civil defendant seeks but is denied a bench warrant for a personal appearance. The ordinary recitations in a trial record are inadequate in this case to reassure this court that due process considerations have been satisfied. In this instance, the burden rightly falls upon the trial court to recite sufficient facts to demonstrate to a reviewing court that evidence was presented, and that a meaningful opportunity to present some kind of objection or rebuttal was accorded a *pro se* inmate civil defendant. The failure of the record here and the lack of a meaningful opportunity to bring a collateral attack violates the due course of law provision of the Texas Constitution. *See* TEX. CONST. art. I, § 19.

The circumstances in this case raise serious questions about the integrity of the fact finding process. The record reveals violations of those principles of fundamental fairness and due process that are foundational to the adversarial nature of our system. Appellant has appeared *pro se* throughout the action below. Although obviously unlearned in legal matters, she filed pleadings and motions raising some valid contentions and requests. Despite her best efforts, appellant had a post-answer default judgment rendered against her. All of the proceedings below occurred *ex parte,* and appellant's requests to attend the trial were parried by adherence to case law that was factually and legally inadequate to guide the trial court in the present situation. Due process has not been served in this instance. I would sustain appellant's due process points. I would reverse the trial court's judgment and remand the cause for further proceedings not inconsistent with this opinion.

---

**3.** The record before us shows that the case lay dormant for nine months after appellees filed suit. No action was taken from July 2, 1991, the original filing date, until April 6, 1992 when appellees amended their petition. Appellant's original answer was filed May 4, 1992. The record shows that appellant filed her counterclaim August 3, 1992 and that both sides took action on the case on almost a weekly basis. Within the two months after the court denied her motion for bench warrant, appellant filed two motions for continuance which were denied.