MCDADE V. LUCIA

NO. 07-99-0274-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 6, 2000

______________________________

NATHAN MCDADE, APPELLANT

V.

MICHAEL LUCIA, ET AL., APPELLEES

_________________________________

FROM THE 58
TH
 DISTRICT COURT OF JEFFERSON COUNTY;

NO. A-0160219; HONORABLE JAMES MEHAFFY, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In this appeal, appellant Nathan McDade challenges an order of the trial court dismissing his suit against Michael Lucia and Matthew Hilyar. In his suit, appellant, an inmate of the Institutional Division of the Department of Criminal Justice acting pro se, sought recovery from alleged failures to provide him proper medical care and for unjustified physical attacks.  In presenting his appeal, appellant presents four issues which he contends show the trial judge abused his discretion in dismissing his suit.  Disagreeing that reversal is required, we affirm the judgment of the trial court.

In his issues, appellant argues the trial court abused its discretion in dismissing his suit by 1) “denying due process guarantees set forth in open courts provision of Texas Constitution to Plaintiffs constitutionally guaranteed right of redress,” 2) “holding Plaintiff an unskilled and inexperienced layman, in the drafting of formal pleadings and application of law in general, to a more stringent form of formal pleadings, then [sic] those of an attorney,” 3) “failing to entain [sic] and rule on Plaintiff’s pro se Application for Bench Warrant, to appear before the court, to represent himself and give evidence, during any and all hearings and the trial itself,” and 4) “the district court’s abuses of its discretions in the above numbered paragraphs [issues] along with the allegations brought to the court’s attention by Plaintiff of retaliation and mail fraud, in intentional tampering with legal mail, which was directed to the court and the office of the Texas Asst. Attorney General Jeff Lopez, [which] effectively barred Plaintiff from presenting his case and his right to redress.”

Chapter 14 of the Civil Practice and Remedies Code
(footnote: 1) prescribes  certain procedures and affidavits which must be filed by an indigent inmate in connection with a suit such as this.  Section 14.003 of the Code permits a court to dismiss a claim, either before or after service of process, if the trial court determines a claim is either frivolous or malicious and

 lists some of the matters the court may consider in making that decision. Section 14.004(a) provides that an inmate who is proceeding as an indigent must file a separate affidavit or declaration and list the items and details required to be included in that affidavit.  Section 14.003 of the Code allows the dismissal of cases if, 
inter alia
, the trial court determines that a claim is frivolous. The gist of appellees’ motion to dismiss was that appellant failed to include all the information required by the statute in his affidavit.

The test for determining whether a trial court abused its discretion in making a decision is whether the court acted without reference to any guiding rules and principles, 
i.e., 
whether the act was arbitrary or unreasonable, and the mere fact that the trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in similar circumstances does not demonstrate that an abuse of discretion occurred.  
Downer v. Aquamarine Operators, Inc., 
701 S.W.2d 238, 241-242 (Tex. 1985),
 cert. denied,
 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).  
See also Goode v. Shoukfeh
, 943 S.W.2d 441, 446 (Tex. 1997).  It is the burden of the complaining party to show that the trial court’s dismissal was arbitrary or unreasonable in light of all the surrounding circumstances.  It is also established that a pro se
 
litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure.  
See Mansfield State Bank v. Cohn
, 573 S.W.2d 181, 184-85 (Tex. 1978); 
Holt v. F.F. Enterprises
, 990 S.W.2d 756, 759 (Tex.App.--Amarillo 1998, no pet.).

The purpose of Chapter 14 of the Code was defined in 
Hickson v. Moya
, 926 S.W.2d 397 (Tex.App.--Waco 1996, no writ), “to control the flood of frivolous lawsuits being filed in the courts of this State by prison inmates consuming valuable judicial resources with little offsetting benefit.”  
Id.
 at 399.  The court went on to opine that the supplemental filing required by section 14.004 was designed to assist a trial court in making the determinations that the legislature called upon it to make and is an essential part of the process by which courts review inmate litigation.  
Id
.  The court additionally reasoned that because a trial court can dismiss a cause when an inmate files a false affidavit or declaration, the same policy allows a court to dismiss a suit that is filed without  the affidavit or declaration.  
Id.  

Because the purpose of the statute is defeated if an affidavit or declaration is filed that does not contain all the information required by the statute, we believe that a trial court can, within its discretion, dismiss the suit.  Indeed, in the recent case of 
Bell v. Texas Dept. Of Criminal Justice
, 962 S.W.2d 156, 158 (Tex. App.--Houston (14
th
 Dist.) 1998, no pet.), the court affirmed a trial court dismissal of an inmate’s suit, reasoning that “[w]hile Bell did list four previous filings, he did not state the operative facts for which relief was sought in those cases, nor did he identify each party to the suits.”  
See also Thomas v. Wichita General Hospital, 
952 S.W.2d 936, 940 (Tex.App.--Fort Worth 1997
, 
pet. denied) (section 14.004 of the Code is a neutral procedural requirement on pro se, indigent inmates who file civil claims to enable the trial court to ascertain whether the case is frivolous; it serves a legitimate state interest and does not violate the inmate’s constitutional rights).

Having decided that the governing statutes are valid
 
and a failure to comply with them justifies dismissal of an indigent inmate’s suit, we now consider whether appellant has complied with the procedural requirements.  

Section 14.004 requires that the inmate include in his affidavit information:

(2) describing each suit that was previously brought by:

(A) stating the operative facts for which relief was sought;

(B) listing the case name, cause number, and the court in which the suit was brought;

     

(C) identifying each party named in the suit; and 

    

(D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

Tex. Civ. Prac. & Rem. Code § 14.004(a)(2) (Vernon Supp. 2000).

In appellant’s affidavit accompanying his petition, he listed six previous lawsuits which he had filed with the names of the defendants, the courts and the dates upon which they were filed.  In four of the cases, he noted they were “still pending.”  In the other two cases, he merely stated that they were on appeal without stating the result of the case, 
i.e.
, for whom the trial court judgment was rendered and the basis of the judgment.  In none of the cases did he list the operative facts of the case, namely, the factual allegations allegedly giving a basis for the suit. 

Thus, appellant failed to furnish the complete information required by subdivisions A and D.  In adopting the statute, the legislature recognized the importance of this type of information in establishing whether a suit is proper and viable.  Because appellant failed to meet the requirements of the statute, we cannot say that the trial court abused its discretion in dismissing the suit.  The statute also passes constitutional muster.  The requirements of section 14.004 are procedural requirements that do not impede an inmate’s right to file suit.  The information is to assist the trial court in determining whether an inmate suit is frivolous.  It does not authorize the court to refuse to hear meritorious claims; indeed, because the purpose and effect of the statute is to aid the court in determining whether or not inmate suits are frivolous, it does not punish inmates for filing claims.  The information an inmate is required to produce pursuant to section 14.004 is the same type of information any other plaintiff can be compelled to produce in response to requests for discovery.  
See
 Tex. R. Civ. P. 192, 193.5, 195.  Appellant’s first issue is overruled.

With regard to appellant’s second issue in which he complains of being held to the same standards of procedural conduct as an attorney, the trial judge was merely following established law.  
See Mansfield State Bank v. Cohn
, 573 S.W.2d at 184-85; 
Holt v. F. F. Enterprises
, 990 S.W.2d at 759.  Appellant’s second issue is overruled.

The thrust of appellant’s third issue is that the trial court abused its discretion by failing to require appellant to be brought before it before acting upon appellees’ motion to dismiss.  While a prisoner has a constitutional right of access to the courts, 
Bounds v. Smith
, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), they have no absolute right to appear personally.  
Interest of M.M.
, 980 S.W.2d 699, 701 (Tex.App.--San Antonio 1998, no pet.).  A trial court’s decision to grant or deny a prisoner’s bench warrant request is reviewed on an abuse of discretion basis.  
Pedraza v. Crossroads Sec. Systems
, 960 S.W.2d 339, 342 (Tex.App.--Corpus Christi 1997, no pet.).  In determining whether a personal appearance is warranted, the trial court must balance the interest of appellees in preserving the integrity of the correctional system with the prisoner’s interest in access to the courts and strike a balance that is fundamentally fair.  
Nance v. Nance, 
904 S.W.2d 890, 892 (Tex.App.--Corpus Christi 1995, no writ
).  
Given that a prisoner has no right to appear in a civil case he had initiated, it follows that he must justify his personal appearance.  
Pedraza
, 960 S.W.2d at 342; 
Brewer v. Taylor
, 737 S.W.2d 421, 424 (Tex. App.--Dallas 1987, no writ).  The critical inquiry is whether the inmate can be heard in a meaningful time and manner by the court.  This right can be accomplished without the prisoner appearing in person.  
Dodd v. Dodd
, No. 01-98-00593-CV, slip op. at 3, 2000WL 280416 (Tex.App.--Houston [1
st
 Dist.] March 16, 2000, n.w.h.).

The record shows that appellant has had considerable access to the trial court and has amply expressed his viewpoints in writing.  He had filed a motion to strike appellees’ motion to dismiss and further filed a written affidavit further enunciating his arguments in opposition to the dismissal.  We find the record sufficient to show that he had an opportunity to, and did, meaningfully present his arguments.  This record does not show that the trial court abused its discretion in its obvious conclusion that appellant’s personal presence was not required to properly present his side of the case.  This is particularly true in the absence of any attempt on appellant’s part to amend or supplement his affidavit to include the missing information required under section 14.004, all of which would have been within his personal knowledge.  Appellant’s third issue is overruled.

Our disposition of appellant’s fourth issue is foreshadowed by the authorities we have cited in our disposition of his first three issues.  Under those authorities, we do not find that any of appellant’s constitutional rights were improperly denied by the trial court’s dismissal order.  Appellant’s fourth and final issue is overruled.

In summary, none of appellant’s issues present reversible error.  Accordingly, the judgment of the trial court must be, and is hereby, affirmed.  

John T. Boyd

 Chief Justice

Do not publish. 

 

FOOTNOTES
1:
Later references to section numbers and “the Code” refer to the Civil Practice and Remedies Code and section numbers of that code unless otherwise specifically denominated.