**Dismissed for Want of Jurisdiction and Memorandum Opinion filed October 4, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00532-CV

---

### JOHNNY Q. CLAWSON, JR., Appellant,

### V.

### CROSBY INDEPENDENT SCHOOL DISTRICT, Appellee.

---

**On Appeal from the 333rd District Court**
**Harris County**
**Trial Court Cause No. 2009-59608**

---

## MEMORANDUM OPINION

Appellant Johnny Q. Clawson, Jr. ("Clawson") challenges the trial court's judgment in favor of appellee Crosby Independent School District ("Crosby I.S.D.") for unpaid property taxes, including penalties and interest, arising from a property Clawson jointly owned with his wife, Barbara Jean Cohen Clawson ("Barbara"). We dismiss this case for want of jurisdiction.

## I

On September 17, 2009, Crosby I.S.D. filed suit against the Clawsons for unpaid property taxes. The Clawsons filed separate answers:[1] Barbara acknowledged their liability and inquired about a payment plan, but Clawson denied owning the property. On May 10, 2011, Crosby I.S.D. filed an amended petition and ultimately sought repayment for delinquencies arising between 2000 and 2010. Clawson filed an answer to the amended brief in which he admitted owning the property but argued that Crosby I.S.D. failed to satisfy the statutory notice requirement and thereby forfeited the right to collect penalties and interest. Because Clawson was incarcerated, he also filed a motion for a bench warrant, requesting that he be permitted to leave the Texas Department of Corrections facility to attend trial. The trial court denied his motion and, on May 4, 2011, entered judgment in favor of Crosby I.S.D. for the full amount of taxes owed, including penalties, interest, and attorney's fees. On November 16, 2011, Barbara paid the judgment in full. She does not join in this appeal.

## II

Clawson primarily argues that Crosby I.S.D. failed to give him notice of the delinquency, and thus, pursuant to former Texas Tax Code section 33.04, he is not liable for interest and penalties on the delinquent taxes.[2] Clawson also argues that, by denying him the right to appear in court, the trial court violated his rights under the United States

---

[1] At all times relevant to this appeal, Johnny Clawson has been in the custody of the Texas Department of Criminal Justice's Institutional Division.

[2] *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1481, § 16, 1999 Tex. Gen. Laws 5097, 5101 (amended 2001) (current version at Tex. Tax Code § 33.04). The legislature amended section 33.04 in 2001 and removed the provision on which Clawson relies. The legislature specified that "[p]enalties and interest on a delinquent tax are not canceled under Section 33.04, Tax Code, for failure to deliver any notice under that section as it existed immediately before [September 1, 2001], the effective date of this Act." Act of May 17, 2001, 77th Leg., R.S., ch. 1430, § 40, 2001 Tex. Gen. Laws 5122. Therefore, the defense Clawson asserts does not apply to this case.

Constitution and the Americans with Disabilities Act (ADA).[3] In response, Crosby I.S.D. argues that Barbara's full payment of the judgment rendered the issue moot.

A

Because mootness is a threshold issue that implicates subject-matter jurisdiction, we begin there. *See In re H&R Block Fin. Advisors, Inc.*, 262 S.W.3d 896, 899 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). Under article II, section 1 of the Texas Constitution, courts have no jurisdiction to render advisory opinions. *Valley Baptist Med. Cntr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000). A controversy must exist between the parties at every stage of the legal proceedings, including the appeal. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001); *Gen. Agents Ins. Co. of Am., Inc. v. El Naggar*, 340 S.W.3d 552, 556 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). If a controversy ceases to exist—either the issues are no longer live or the parties lack a legally cognizable interest in the outcome—the case becomes moot and the parties lose standing to maintain their claims. *Williams*, 52 S.W.3d at 184.

In most cases concerning judgment debtors, the case becomes moot and the debtor waives any right to appeal when he voluntarily satisfies the judgment. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). This rule seeks to prevent a party who voluntarily satisfies a judgment from later changing his mind and appealing. *Id.* A narrow exception allows judgment debtors to appeal if they paid under implied duress, which requires evidence that the debtor did not pay voluntarily but rather for the purpose of preventing the accrual of additional interest and penalties while the case is pending appeal or avoiding the embarrassment of an attempted execution. *Highland Church of Christ v. Powell*, 640 S.W.2d 235, 236–37 (Tex. 1982). A debtor may preserve the right to appeal by coupling its payment with an expressed intent to pursue an appeal. *See Miga v. Jensen*, 96 S.W.3d 207, 212 (Tex. 2002).

---

[3] Clawson also argues that the trial court denied his right to discovery. Because the record does not show that Clawson filed any discovery requests, we do not discuss this issue further.

In this case, there is no evidence that Barbara did not pay the judgment voluntarily. Clawson asserts that Barbara "paid the judgment only after repeated threats were received from Crosby I.S.D. of further legal action even though appeal was pending." Nevertheless, this is not enough to prove implied duress, particularly because Barbara has never contested the judgment and, in fact, specifically acknowledged the liability in her answer to Crosby I.S.D.'s original petition.

Accordingly, we conclude that Barbara voluntarily paid the full amount of the judgment, including the amounts due for interest and penalties, and the issue regarding the judgment amount is thus moot.

B

Clawson also argues that the trial court violated his rights under the Sixth and Fourteenth Amendments of the United States Constitution by denying his motion for a bench warrant and thus depriving him of the opportunity to cross-examine witnesses, rebut the evidence against him, and call witnesses on his own behalf.

Clawson offers a number of cases to support his argument that, despite being incarcerated, he has a constitutional right of access to the courts. But as he states in his own brief, prisoners have "only a qualified right to appear personally at a civil proceeding." In fact, every case he cites emphasizes the qualified nature of that right. *See, e.g.*, *In re M.M.*, 980 S.W.2d 699, 701 (Tex. App.—San Antonio 1998, no pet.) ("While a prisoner has a constitutional right of access to the courts . . . prisoners have no absolute right to appear personally at civil proceedings.") (citing *Bounds v. Smith*, 430 U.S. 817, 820 (1977); *Nance v. Nance*, 904 S.W.2d 890, 892 (Tex. App.—Corpus Christi 1995, no writ)); *Pedraza v. Crossroads Sec. Sys.*, 960 S.W.2d 339, 342 (Tex. App.—Corpus Christi 1997, no pet.) ("[P]risoners have no absolute right to appear personally at civil proceedings."); *Armstrong v. Randle*, 881 S.W.2d 53, 56 (Tex. App.—Texarkana 1994, writ denied) ("A party may not be denied access to the courts merely because he is an inmate. . . . There is, however, no absolute right for an inmate to appear in court in a civil

4

case.").[4] In considering a motion for a bench warrant, trial courts attempt to strike a fundamentally fair balance between the state's interest in preserving the integrity of the correctional system with the prisoner's interest in access to the courts. *See Pedraza*, 960 S.W.2d at 342. Factors relevant to this determination include whether the inmate can and will offer admissible, noncumulative testimony that cannot be offered effectively by deposition, telephone, or otherwise; whether the inmate's presence is important in judging his demeanor and credibility compared with that of other witnesses; whether the trial is to the court or to a jury; and the inmate's probability of success on the merits. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003) (citing *Brewer v. Taylor*, 737 S.W.2d 421, 423–24 (Tex. App.—Dallas 1987, no writ)).

In this case, the evidence supports the trial court's denial of Clawson's motion for a bench warrant. He could effectively offer his argument through means other than testimony in court, and it was a bench trial. Further, his credibility was not at issue, and he was not likely to prevail on the merits, given that his defense relied on a statutory defense that has not applied since 2001.[5] Accordingly, Clawson did not have a constitutional right to personally appear at trial, and the trial court did not abuse its discretion in denying his motion.

## C

Clawson further asserts that, because he has a significant hearing impairment, the trial court violated his rights under the ADA by denying him the opportunity to

---

[4] Clawson cites a number of additional cases that fail to support his position. *See, e.g.*, *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971) ("Due process does not, of course, require that the defendant in every civil case actually have a hearing on the merits."); *Dodd v. Dodd*, 17 S.W.3d 714, 717 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (*disapproved on other grounds by In re Z.L.T.*, 124 S.W.3d 163 (Tex. 2003)) ("A prisoner in Texas has a constitutional right of access to the courts, but only a qualified right to appear personally at a civil proceeding."); *Nichols v. Martin*, 776 S.W.2d 621, 623 (Tex. App.—Tyler 1989, no writ) (*disapproved on other grounds by In re Z.L.T.*, 124 S.W.3d 163 (Tex. 2003)) ("[T]he right of access to the courts does not unconditionally give an inmate the right to appear personally.").

[5] *See* Act of May 17, 2001, 77th Leg., R.S., ch. 1430, § 40, 2001 Tex. Gen. Laws 5122 (effective Sept. 1, 2001).

personally appear in court. Specifically, he points to the ADA's requirement that public entities "take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others." 28 C.F.R § 35.160(a)(1) (2011).

Assuming Clawson's hearing impairment falls within the ADA's definition of "disability,"[6] the trial court's actions did not violate his rights under the Act. Clawson never suggested to the trial court that his hearing impairment interfered with his ability to communicate. He communicated via written pleadings and letters, which is the same means used by litigants who do not have hearing impairments, and which is not rendered less effective by a hearing impairment. The ADA requires public entities to ensure that communications with people with disabilities are "as effective" as communications with others, but nothing more. *See* 28 C.F.R § 35.160(a)(1). The ADA thus requires that Clawson's hearing impairment neither hinders nor enhances his right to access the courts; it does not give him a right to personally appear at trial when a hearing litigant in his position would not be permitted to do so. Therefore, the trial court did not violate Clawson's rights under the ADA by denying his motion for a bench warrant. Accordingly, we conclude that there are no issues in controversy in this appeal.

\* \* \*

For the foregoing reasons, we dismiss this cause for want of jurisdiction

/s/    Jeffrey V. Brown
Justice

Panel consists of Chief Justice Hedges and Justices Seymore and Brown.

---

[6] Clawson describes his hearing impairment in his briefs, but the record lacks any medical findings regarding the condition.

6