# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20764

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2016

Lyle W. Cayce
Clerk

JAY MARTIN BARRASH, M.D.,

      Plaintiff - Appellant

v.

AMERICAN ASSOCIATION OF NEUROLOGICAL SURGEONS,
INCORPORATED,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before STEWART, Chief Judge, and CLEMENT and ELROD, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Dr. Jay Martin Barrash is a neurosurgeon and former member of the American Association of Neurological Surgeons ("AANS") who regularly testified as an expert witness in legal proceedings. Dr. Barrash provided deposition testimony against Dr. Oishi, a fellow AANS member, in a medical malpractice case. Dr. Barrash testified, among other things, that Dr. Oishi (1) incorrectly placed a bone graft during the patient's surgery and (2) failed to adequately treat a post-operative infection, causing the patient to suffer additional surgical procedures and leading to chronic pain and depression. Dr. Oishi settled with the plaintiff and then filed a complaint against Dr. Barrash using the AANS's internal grievance process. The complaint alleged the following violations of the AANS Rules for Neurosurgical Medical/Legal Expert

No. 14-20764

Opinion Services: that Dr. Barrash failed to provide impartial testimony; that Dr. Barrash failed to review all pertinent available medical information; that Dr. Barrash failed to allow for differing medical opinions; that Dr. Barrash lacked the training and experience necessary to testify; and that Dr. Barrash charged excessive expert witness fees.

The AANS's Professional Conduct Committee ("PCC") held a hearing for the complaint. Dr. Barrash attended with his attorney and presented a defense.  The PCC concluded that (1) Dr. Barrash's criticism of Dr. Oishi's failure to render adequate post-operative care was appropriate, but also that Dr. Barrash (2) failed to review all of the pertinent and available medical records prior to testifying—specifically, an intraoperative x-ray showing the initial bone graft placement—and (3) failed to provide unbiased testimony. The PCC recommended that Dr. Barrash's AANS membership be suspended for six months.

Dr. Barrash appealed to the AANS Board of Directors (the "Board"), and the Board downgraded the suspension to a censure. Dr. Barrash then exercised his right to appeal to the AANS members at-large, providing a written statement for consideration at the annual meeting. The members voted to uphold the censure, and the AANS published it as follows: "Dr. J. Martin Barrash, following an appeal to the AANS general membership on April 11, 2011, has been censured for giving expert testimony without having seen the imaging studies relevant to that testimony, and for failure to provide unbiased testimony during part of a deposition in a civil lawsuit." Dr. Barrash resigned from the AANS and filed suit, claiming that the censure harmed his future employment opportunities as an expert witness. Dr. Barrash sued the AANS for (1) tortious interference with prospective business relations; (2) breach of contract (the AANS bylaws); and (3) impairment of an important economic interest from denial of due process.

2

No. 14-20764

The district court dismissed the tortious interference and breach of contract claims under Rule 12(b)(6). Both parties moved for summary judgment on the remaining due process claim. The district court found that the AANS failed to provide adequate notice on the charge of failing to provide "unbiased testimony"[1] but met the requirements of due process on the charge of "giving expert testimony without having seen the [relevant] imaging studies." The district court set aside the portion of the censure relating to unbiased testimony but left the rest of the censure in place. Thus, the district court granted the plaintiff's motion in part, denied it in part, and granted the defendant's motion in part. Dr. Barrash appeals the district court's adverse summary judgment ruling and the 12(b)(6) dismissal of his breach of contract claim. The AANS does not appeal the partial vacation of the censure.

I.

We review de novo a district court's grant of summary judgment, and summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Rogers v. Bromac Title Servs., LLC*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).

Because Dr. Barrash's claims arise under Texas law, we look to how Texas courts resolve similar claims. *See Hatley v. Am. Quarter Horse Ass'n*, 552 F.2d 646, 654–56 (5th Cir. 1977). The AANS is a voluntary professional association. "Texas courts will not interfere with the internal management of voluntary associations so long as the governing bodies of such associations do not substitute legislation for interpretation and do not overstep the bounds of reason or violate public policy or the laws of [Texas] while doing so." *Burge v.*

---

[1] The district court generally uses the phrase "improper advocacy," a phrase the PCC used in their report. But the censure uses the phrase "unbiased testimony." For clarity and consistency, we use the phrase "unbiased testimony" here.

*Am. Quarter Horse Ass'n*, 782 S.W.2d 353, 355 (Tex. App.—Amarillo 1990, no writ). "If the courts were to interfere every time some member, or group of members, had a grievance, real or imagined, the non-profit, private organization would be fraught with frustration at every turn and would founder in the waters of impotence and debility." *Juarez v. Texas Ass'n of Sporting Officials El Paso Chapter*, 172 S.W.3d 274, 280 (Tex. App.—El Paso 2005, no pet.). Under this doctrine of judicial non-intervention, a Texas court will conduct judicial review of a voluntary association's internal operations "only when the actions of the organization are illegal, against some public policy, or are arbitrary or capricious." *Dallas Cty. Med. Soc'y v. Ubiñas-Brache*, 68 S.W.3d 31, 41 (Tex. App.—Dallas 2001, pet. denied) (citations omitted).

As a result, both Texas courts and this court (when adjudicating Texas law claims) have recognized due process challenges as a limited grounds for judicial intervention in the internal affairs of a private organization. *See Stevens v. Anatolian Shepherd Dog Club of Am., Inc.*, 231 S.W.3d 71, 75, 76 n.1 (Tex. App.—Houston 2007, pet. denied); *Hatley*, 552 F.2d at 656–57. In this context, "[t]he essential elements of due process . . . are notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case." *Adams v. Am. Quarter Horse Ass'n*, 583 S.W.2d 828, 834 (Tex. Civ. App.—Amarillo 1979, writ ref'd n.r.e.). Dr. Barrash raises a due process challenge to the portion of the censure relating to his failure to review all pertinent and available records. First, Dr. Barrash argues that the PCC failed to provide him with critical evidence before the hearing, thereby denying him fair notice; second, Dr. Barrash argues that the district court's partial vacation of the censure requires that the entire censure be vacated.

*a. Notice Challenge*

No. 14-20764

"The term 'due process of law' is synonymous with 'the law of the land,' and its essential elements are notice, and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case." *Masonic Grand Chapter of Order of E. Star v. Sweatt*, 329 S.W.2d 334, 337 (Tex. Civ. App.—Fort Worth 1959, writ ref'd n.r.e.). Here, Dr. Barrash received his initial notice through a charging letter submitted by Dr. Oishi. The letter alleged that Dr. Barrash testified "without having reviewed the intraoperative X-rays that clearly demonstrate[d] proper hardware and bone graft placement," in violation of clause B.2 of the Rules for Neurosurgical Medical/Legal Expert Opinion Services.[2] The PCC scheduled a hearing several months later, and Dr. Barrash appeared at the hearing with counsel and presented a defense. Dr. Barrash claims that the PCC failed to provide him with a copy of the intraoperative x-ray films before the hearing, denying him fair notice.

Some weeks prior to the hearing, however, the AANS notified Dr. Barrash that it possessed the x-ray films, and that the films and a viewing box would be present at the hearing. Dr. Barrash never requested advance copies of the films or an opportunity to review them. Dr. Barrash now claims that the AANS's failure to provide him with an advance copy of the "smoking gun" evidence violates due process. Dr. Barrash was fully aware that the x-rays would play a central role at the hearing, yet he made no effort to review them in advance, despite having weeks to do so. Furthermore, Dr. Barrash's due process argument that the failure to provide an advance copy of the x-ray violated the AANS's internal bylaws governing disciplinary proceedings assumes that those bylaws inform our due process inquiry; they do not. Due process in this context is satisfied by notice and a hearing even when an

---

[2] Clause B.2 states: "The neurosurgical expert witness shall review all pertinent available medical information about a particular patient prior to rendering an opinion about the appropriateness of medical or surgical management of that patient."

organization's bylaws require more. *See Whitmire v. Nat'l Cutting Horse Ass'n*, No. 2-08-176-CV, 2009 WL 2196126, at *5 (Tex. App.—Fort Worth July 23, 2009, pet. denied) (rejecting due process challenge because "[the plaintiff's] complaints address the technical aspects of the [organization's] application of its rules to her, but do not allege a wholesale deprivation of due process or the opportunity to be heard"). As a result, we find no due process violation on the issue of fair notice.[3]

### b. Partial Vacation of Censure

The district court found that the AANS *did not* provide sufficient due process in adjudicating the charge of failing to provide unbiased testimony.[4] The district court ordered the AANS to expunge that portion of the censure but allowed the rest of the censure to remain, despite stating that "[i]t is unknown—perhaps unknowable—how the PCC would have proceeded had it only the violation of Rule B2 in mind when it issued its disciplinary recommendation to the AANS Board of Directors." Dr. Barrash argues that because the district court set aside one of the two bases for the censure, it should have set aside the whole censure, because there is no way to determine whether the censure would have occurred at all absent both bases.

This is an issue of first impression. We are not aware of any case where a court found only a *partial* due process violation, resulting in only a *partial* vacation of an association's adverse action. *Cf. Hatley*, 552 F.2d at 657 (association's decision to refuse to register a horse without a hearing violated

---

[3] Dr. Barrash also seeks to challenge, on appeal, the substantive findings of the PCC, arguing that the x-ray was neither pertinent nor available when he testified. The PCC—and by extension, the AANS—ruled that the x-ray *was* pertinent and that Dr. Barrash should not have testified without reviewing it. Rather than raising a genuine due process challenge, Dr. Barrash simply disagrees with the substantive judgment of the PCC and asks this court to substitute its own judgment in the field of neurology. We decline to do so.

[4] In short, the district court found that the charges failed to provide Dr. Barrash with sufficient notice of the nature and identity of the alleged unbiased testimony.

No. 14-20764

due process); *Sweatt*, 329 S.W.2d 334 (association's expulsion of member without providing an adequate opportunity to prepare a defense violated due process). We nonetheless conclude that the district court ruled correctly. Because Dr. Barrash received due process on the charge of failing to review all pertinent and available records prior to testifying, any further review of the AANS's subsequent censure of that misconduct is precluded by the Texas doctrine of judicial non-intervention.

Furthermore, we find it unnecessary to debate whether the Board and the members at-large would have censured Dr. Barrash absent both charges.[5] The critical question is whether Dr. Barrash was afforded due process, not whether a single rule violation merits something less than a censure under the AANS's disciplinary system. Given that the AANS substantiated the charge of "failure to review" after a lengthy hearing, we find that the choice of a censure versus a lesser alternative is a matter of degree, not fundamental fairness. Finally, while the district court ordered only a partial vacation of the censure, the AANS certainly could have vacated the entire censure had it deemed such action appropriate. Its decision to leave the remaining portion of the censure in place is, in and of itself, an internal management decision entitled to judicial deference—one which Dr. Barrash could have possibly challenged *within* the organization had he not resigned his membership shortly after being censured. Because the AANS provided adequate due process on the charge of failing to review all pertinent and available records before publication, the district court did not err by leaving this part of the censure undisturbed.

III.

---

[5] We consequently do not adopt the district court's rationale for its ruling—that Dr. Barrash bore the burden of proof to show "how the PCC would have proceeded had it only the violation of Rule B2 in mind when it issued its disciplinary recommendation," and that his claim fails because "the record is simply not clear, either way" on that issue.

7

No. 14-20764

We review de novo a district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013). "Dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Dr. Barrash claims that because he was a member of the AANS, the association's bylaws formed a contract between them. The bylaws include the disciplinary procedures to be followed by the PCC. Dr. Barrash argues that the AANS breached the bylaws when it censured him because the PCC did not strictly comply with its own procedures. He claims that this breach caused damages because he lost income opportunities as an expert witness following publication of the censure.

To date, no Texas court has allowed a plaintiff to challenge a professional organization's internal disciplinary procedures under a breach of contract theory. *See Whitmire*, 2009 WL 2196126 at *5–6 (rejecting a breach of contract claim where the plaintiff's complaint "address[ed] the technical aspect of the [association's] application of its rules" but did not allege "a wholesale deprivation of due process or the opportunity to be heard in violation of some civil or property right"); *Ubiñas-Brache*, 68 S.W.3d at 42 (noting that "a breach of contract action to maintain membership in a private association is not a well-recognized or well-defined common law action in [Texas]"); *see also Bryan v. Jones*, No. 2:05-CV-109, 2005 WL 1189882, at *3 (E.D. Tex. May 19, 2005) (citing *Ubiñas-Brache* and dismissing plaintiff's bylaws-based breach of contract claim under Rule 12(b)(6)).

Based on Texas precedent and the doctrine of judicial non-intervention, we find that Dr. Barrash has failed to state a plausible breach of contract claim. Dr. Barrash's breach of contract claim is little more than a disagreement with

8

the disciplinary decision of the AANS, and it is therefore precluded by the doctrine of non-intervention.

## IV.

Dr. Barrash received sufficient due process, including notice, a hearing, and multiple levels of appeal, before he was censured for failing to review all pertinent and available records prior to testifying. Because the district court found only one basis of the censure to be unsupported by due process, the district court was correct in setting aside only that portion of the censure. Furthermore, no Texas court has recognized a breach of contract challenge to a private association's disciplinary process. Dr. Barrash thus failed to state a plausible breach of contract claim on which relief could be granted, and the district court properly dismissed. AFFIRMED.