NO. 07-06-0444-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 25, 2007



______________________________




In the Interest of R.C. and R.C.C., JR., Minor Children





_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-527,727; HON. KEVIN C. HART, PRESIDING



______________________________



Concurring Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 I concur with the majority's opinion and result but write separately to stress that
Texas Family Code §263.405(i) should be revisited by the legislature. It is beyond doubt
that the parent/child relationship is of constitutional magnitude. Wisconsin v. Yoder, 406
U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); In re C.H., 89 S.W.3d 17, 26 (Tex. 2002);
Wiley v. Spratlan, 543 S.W.2d 349, 352 (Tex. 1976). And, once termination occurs, it is
final and irrevocable; the proceeding permanently divests the parent and child of all legal
rights, privileges, duties, and powers with respect to each other except for the child's right
to inherit. Wiley v. Spratlan, 543 S.W.2d at 352. Thus, it is imperative to assure that due
process be afforded both parent and child. That did not occur here since appellant was
denied opportunity by her appointed counsel to appear at the hearing. This was so
because trial counsel failed to request a bench warrant from the court compelling her
appearance at trial. Moreover, there is little doubt counsel knew of her client's interest in
attending given that the trial was continued at one point so arrangements could be made
to secure appellant's presence. Yet, given the wording of §263.405(i) and appointed
counsel's failure to designate her potential ineffectiveness as an issue on appeal, nothing
can be done to cure the default.

 It may well be that the parent/child relationship necessitates termination due to the
conduct of a parent. Yet, parents are entitled to due process, as is the child. At the very
heart of due process is the opportunity to be heard in defense of another's accusations. 
See Masonic Grand Chapter of Order of Eastern Star v. Sweatt, 329 S.W.2d 334, 337
(Tex. Civ. App.-Fort Worth 1959, writ ref'd n.r.e.). Moreover, indigents, such as appellant,
are to be given appointed, effective counsel to foster their receipt of due process in general
and the chance to be heard in particular. See Tex. Fam. Code Ann. §107.013(a)(1)
(Vernon Supp. 2006) (requiring the appointment of counsel to the indigent); In re M.S., 115
S.W.3d 534, 544 (Tex.2003) (requiring that counsel be effective). When egregious wrong
occurs, however, and we are barred from correcting it due to the application of a statute
to situations which, most likely, no one intended, our legal system has failed in that
instance. Such happened here. Consequently, I join with the Fort Worth Court of Appeals,
the Houston Court of Appeals (1st District), the Dallas Court of Appeals and Justice Vance
of the Waco Court of Appeals in asking the legislature to reconsider the scope of
§263.405(i). See In re D.A.R., 201 S.W.3d 229, 230-31 (Tex. App.-Fort Worth 2006, no
pet.); Pool v. Tex. Dep't of Family & Protective Servs., No. 01-05-01093-CV, 2007 Tex.
App. Lexis 1576 (Tex. App.-Houston [1st Dist.] March 1, 2007, no pet. h.); In re R.J.S. and
M.S., No. 05-05-01641-CV, 2007 Tex. App. Lexis 2770 (Tex. App.-Dallas April 22, 2007,
no pet. h.); In re E.A.R., 201 S.W.3d 813, 816 (Tex. App.-Waco 2006, no pet.) (Vance, J.,
concurring).


 Brian Quinn

 Chief Justice



ed="false" QFormat="true" Name="Subtitle"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00296-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
13, 2011

 



 

SCOTTIE DWAYNE HADNOT, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY;

 

NO. 47,179-A; HONORABLE ROBERT P. BROTHERTON, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

            Appellant,
Scottie Dwayne Hadnot, appeals his conviction by a
jury of possession of a controlled substance, cocaine, in an amount of four
grams or more but less than 200 grams.[1]  After finding the one enhancement count in
the indictment true, the jury subsequently sentenced appellant to a term of
confinement of 40 years in the Texas Department of Criminal
Justice-Institutional Division. 
Appellant appeals the judgment contending that the evidence is
insufficient to support the jurys conclusion that he had exercised actual
care, custody, control, or management over the cocaine.[2]  We will affirm the judgment of the trial
court.[3]

Factual and Procedural Background

            On
January 4, 2008, Officer Gabriel Vasquez III and Officer Henry Saenz of the
Wichita Falls Police Department were on patrol when they encountered a brown
Cadillac being driven by appellant.  As
Vasquez and Saenz watched, the Cadillac moved from one lane of traffic to
another without signaling intent to change lanes.  Saenz was driving the police vehicle and
turned on the emergency lights in an effort to stop the Cadillac for failure to
signal intent to change lanes.  Appellant
did not stop when the emergency lights were turned on.  Vasquez attempted to stop the Cadillac by
using the emergency air horn.  Still the
Cadillac did not stop.  The officers
continued in pursuit of the Cadillac for half of a mile before it stopped.  Upon the Cadillac coming to a stop, the
passenger side door came open, and the passenger fled west from the scene.  As Vasquez got out of the police car,
appellant came out of the drivers side door and fell down.  Instead of staying on the ground as ordered,
appellant got to his feet and fled. 
Vasquez and Saenz pursued appellant. 
While pursuing appellant down a particularly dark part of the street,
Vasquez testified, he used his flashlight and observed appellant make a furtive
gesture to the waistband of his pants. 
Appellant continued to run until he fell while fleeing.  

As Vasquez and the other officers
reached appellant, appellant continued to struggle while attempting to prevent
the officers from trying to handcuff him. 
After subduing appellant, Vasquez searched him and found a prescription
pill bottle in appellants front left pants pocket.  Upon opening the pill bottle, Vasquez found a
clear plastic bag with a white rock-like substance in it.  Additionally, the search of appellant yielded
a red cell phone, a plastic bag containing a green leafy substance, and $190 in
cash.  After taking appellant into
custody, Vasquez shined his flashlight in the area where appellant had been on
the ground and found a second prescription pill bottle that also contained a
plastic bag with a white rock-like substance in it.  Vasquez testified that as he was walking
appellant back to the police car to be transported to jail, appellant made the
statement, I did not drop anything else. 
All I had was crack.

Testimony at trial revealed that both
pill bottles had a cap on them that bore the Wal-Mart and Sams Club name. Both
pill bottles were taken into custody and the contents subsequently turned over
to the Department of Public Service (DPS) Laboratory in Abilene, Texas, for
analysis.  The forensic chemist from the
DPS testified that the white rock substance was cocaine and the combined weight
was 58 grams.

Appellant testified in his own behalf
and declared that he had possessed the one pill bottle taken from his front
left pants pocket.  He stated he knew
nothing about the pill bottle found on the ground where he had fallen.  Additionally, appellant testified that the
$190 was money his mother gave him from her income tax refund.  

After hearing the evidence, the jury
convicted appellant of possession of a controlled substance, cocaine, in an
amount of four grams or more but less than 200 grams and sentenced him to 40
years confinement in TDCJ-ID.  Appellant
appeals that conviction claiming that the evidence to show he possessed the
second pill bottle was insufficient.  We
disagree and affirm the conviction.

Standard of
Review

In assessing the sufficiency of the
evidence, we review all the evidence in the light most favorable to the verdict
to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable
doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979). Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App.
2004).  We measure the legal
sufficiency of the evidence against a hypothetically correct jury charge.  See Malik
v. State, 953 S.W.2d 234, 240 (Tex.Crim.App.
1997).  Finally, when reviewing all of
the evidence under the Jackson standard of review, the ultimate question
is whether the jurys finding of guilt was a rational finding.  See Brooks v. State, 323 S.W.3d
893, 907 n.26 (Tex.Crim.App. 2010) (discussing Judge
Cochrans dissent in Watson v. State, 204 S.W.3d 404, 448-50 (Tex.Crim.App. 2006), as outlining the proper application of
a single evidentiary standard of review).[4]

Analysis

Possession of a Controlled Substance

            To prove possession of a controlled substance, the
State is required to prove the accused (1) exercised actual care, custody,
control, or management over the substance and (2) knew the matter he possessed
was contraband.  See Poindexter
v. State, 153 S.W.3d 402, 405 (Tex.Crim.App.
2005); see also Tex. Health &
Safety Code Ann. § 481.002 (38) (West 2010).  The evidence must establish the accuseds connection with the controlled substance was more
than just fortuitous.  Brown
v. State, 911 S.W.2d 744, 747 (Tex.Crim.App.
1995).

            Courts
have found numerous factors useful in determining whether an accuseds link to a controlled substance was more than just
fortuitous. Affirmative links may include, but are not limited to: (1)
appellants presence when the contraband was found; (2) whether the contraband
was in plain view; (3) appellants proximity to and accessibility of the
contraband; (4) whether appellant was under the influence of narcotics when
arrested; (5) whether appellant possessed other contraband when arrested; (6)
whether appellant made incriminating statements when arrested; (7) whether
appellant attempted to flee; (8) whether appellant made furtive gestures; (9)
whether there was an odor of the contraband present; (10) whether appellant
owned or had the right to possess the place where the drugs were found; (11)
whether the place the drugs were found was enclosed; (12) the amount of
contraband found; (13) whether appellant possessed weapons; and (14) whether
appellant possessed a large amount of cash. 
Taylor v. State, 106 S.W.3d 827, 831 (Tex.App.Dallas  2003, no
pet.).  It is not the number of factors
present that is important but the logical force of these factors which
determines whether the States evidence links appellant to the contraband.  See Gilbert v.
State, 874 S.W.2d 290, 298 (Tex.App.Houston [1st
Dist.] 1994, pet. ref'd).

Application to the Facts

            In
the case before the Court, the record supports the following links that connect
appellant to the cocaine: (1) appellant was located on the ground within
immediate grasp of where the second pill bottle was found; (2) the cocaine was
immediately accessible to appellant; (3) appellant had another pill bottle that
contained cocaine and a bag of marijuana on his person when taken into custody;
(4) appellant told Vasquez that all he had on him was crack cocaine; (5)
appellant attempted to flee, first in a car and then on foot; (6) appellant
continued to resist arrest, even after three officers were able to lay hands on
him after appellant had fallen; (7) while being pursued on foot appellant made
furtive gestures at the waist area of his pants; (8) appellant had $190 in cash
on him, yet admitted during testimony that he did not have and had never had a
job.  From this evidence, we can conclude
that appellants connection to the second pill bottle was more than just
fortuitous.  See Brown, 911 S.W.2d at 747. 
Further, the logical force of these enumerated factors links appellant
to the second pill bottle.  See Gilbert,
874 S.W.2d at 298. 
Therefore, we find the jurys verdict to be a rational finding.  See Brooks, 323 S.W.3d at 907 n.26. 
Accordingly, appellants single issue is overruled.

Conclusion

            Having
overruled appellants single issue, we affirm the trial courts judgment.

            

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








 

Do
not publish.  

 











[1]
See
Tex. Health & Safety Code Ann.
§ 481.115(a) & (d) (West 2010).

 





[2]
Appellant was also convicted of evading arrest
or detention by use of a vehicle and sentenced by the jury to 18 months
confinement in a State Jail Facility.  See
Tex. Penal Code Ann. § 38.04(a),
(b)(1) (West 2011). 
Appellants notice of appeal and statement in his brief contends he is
appealing that conviction also.  However,
appellant does not brief any issues regarding the conviction for evading arrest
or detention.  Accordingly, nothing is
presented for our consideration on appeal. 
See Tex. R. App. P. 38.1(i).

 





[3]
Pursuant to the Texas Supreme Courts docket
equalization efforts, this case was transferred to
this Court from the 2nd Court of Appeals.  See Tex.
Govt Code
Ann. § 73.001 (West 2005).

 





[4]
We note that this Court has at times quoted Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Crim.App.
1988), for the proposition that we had to uphold the verdict of the jury unless
it was irrational or unsupported by more than a mere modicum of evidence.  We view such a statement, insofar as a
modicum of evidence being sufficient evidence, as contrary to a rigorous
application of the Jackson standard of review urged by the Court in Brooks.