**UNITED STATES of America, Plaintiff,**

v.

**FORFEITURE, PROPERTY, ALL APPURTENANCES AND IMPROVEMENTS, LOCATED AT 1604 OCEOLA, WICHITA FALLS, TEXAS, Defendant(s) In Rem.**

Civ. A. No. 7–92–037–K.

United States District Court,
N.D. Texas,
Wichita Falls Division.

Aug. 27, 1992.

William J. Anderson, U.S. Atty., Fort Worth, Tex., for plaintiff.

John Amescua Garcia, pro se.

Mary Lou Garcia, pro se.

Home Sav. of America, claimant, No Attorney Listed.

## MEMORANDUM OPINION AND ORDER

BELEW, District Judge.

Before the Court is the motion of claimant John Amescua Garcia styled Introduction of Claimant, Petition for Counsel and Additional Time. Upon consideration of all pleadings, motions and applicable law, the Court is of the opinion that the motion is of merit and should be GRANTED in part. The motion is otherwise DENIED without prejudice to refiling at a later date if the conditions of representation are met.

This is an *in rem* forfeiture action against the property of John Amescua Garcia and Mary Lou Garcia. The property in this instance is the home of the Garcias. The government, plaintiff in this suit, seized the property upon authority of an ex-parte seizure warrant issued pursuant to 18 U.S.C. 881 and Rule 41 of the Federal Rules of Criminal Procedure. Based upon the motions and affidavits as presented to the Court for that seizure warrant, the Court determined that probable cause existed to seize the respondent property. Both Garcias are currently incarcerated in federal institutions upon crimes which the Court presumes to be related to this forfeiture proceeding.

Claimants seek additional time in which to file their claims. Supplemental Federal Rule of Civil Procedure C(6) provides for the allowance of additional time in which to file claims upon forfeited property. Pursuant to C(6), the Court will allow John Garcia and Mary Lou Garcia additional time in which to file their claims. John Garcia shall file his claim on or before September 15, 1992. Mary Lou Garcia shall file her claim on or before September 30, 1992.

A court's authority to appoint counsel in a forfeiture proceeding stems from three possible sources. A court may do so under the statute authorizing *in forma pauperis* proceedings, 28 U.S.C. 1915, which also allows a court to request an attorney to represent a party in any case. Under 18 U.S.C. § 3006A a court may appoint and compensate counsel for representation of a defendant in criminal proceedings and proceedings ancillary thereto. Finally, the Due Process Clause of the United States Constitution requires a court, in some circumstances, to appoint counsel on behalf of a party. Upon review of these possibilities, the Court finds that the appointment of counsel to represent the Garcias is not appropriate at this time.

When the action of a court clearly implicates the substantial interests of a party, the Due Process Clause of the Constitution may require a court to appoint an attorney to insure the adequate representation of that party's interests. *Lassiter v. Department of Social Services*, 452 U.S. 18, 27, 101 S.Ct. 2153, 2159, 68 L.Ed.2d 640 (1981). Historically, due process required the appointment of counsel only in cases threatening the physical liberty of criminal defendants. *Lassiter*, 452 U.S. at 25, 101 S.Ct. at 2158. In *Lassiter*, the Supreme Court found this historical interpretation merely "to be a presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter*, 452 U.S. at 26–27, 101 S.Ct. at 2159. If a citizen is not automatically entitled to representation simply because of the character of the proceeding or the nature of the possible deprivation, due process may still require the appointment of counsel in a particular case. *Id.* The *Lassiter* Court held that the presumption against appointed representation must be balanced against the tripartite due process equation enunciated in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). *Lassiter*, 452 U.S. at 26–27, 101 S.Ct. at 2159. In *Eldridge*, the Supreme Court listed three factors a court must evaluate when determining whether Due Process requires an additional procedural safeguard, (such as the appointment of counsel), in an official action by the government. *Eldridge*, 424 U.S. at 335, 96 S.Ct. at 903. Those factors are: 1) the private interest that will

be affected by the action of the government; 2) the risk of an erroneous deprivation of that interest and the probable value of an additional procedural safeguard; and 3) the government's interest involved, including the burdens entailed by the additional procedural safeguard. *Id.* This is a case-by-case determination to be made by the district court. *Lassiter,* 452 U.S. at 31, 101 S.Ct. at 2161.

■ In the case at bar, the private interest affected is the Garcia's possession of their family home. They have been paying a mortgage upon the house for nearly twenty-five years and currently owe only about $2,300. Clearly, this interest is substantial and important.

The government interests involved are less compelling. The forfeiture seems to be primarily sought to further the punitive and exemplary interests of the government. There is no evidence that the home is a present danger to society, that it is enabling the continued trafficking of narcotics, or that it will pose a danger to society in the future or enable the Garcias to do so. The government is seeking to impose an additional penalty upon the Garcias, (who are already incarcerated), and to set an example of the costs involved in dealing drugs. While the government's interests in deterrence can be important, forfeiture of the Garcia's home would not significantly further those interests beyond the penalties already imposed. Any remedial interest the government has in seeking forfeiture to reimburse itself for the investigation and prosecution of Garcias is equalled by the Garcias monetary interest in maintaining their home. The government's interests in seeking forfeiture are important, but not compelling. Further, there is no showing that the government's interests will be substantially affected by the appointment of counsel for the Garcia.

The additional burdens imposed upon the government by appointment of counsel in this case would not be overwhelming. The mechanism to appoint counsel already exists, and though a question might arise of where funds for such an appointment might be found, no substantial procedural or administrative burdens would be created by a decision in the claimant's favor. Perhaps the most substantial imposition upon the government would be requiring the Plaintiff to oppose an attorney in a complicated and abstruse field where the Plaintiff normally expects to meet only pro-se litigants struggling through the claimant process. This imposition is not sufficient to deny the appointment of counsel.

The remaining *Eldridge* factor requires an examination of the likelihood of an erroneous deprivation and the probable value of an additional procedural safeguard. *Eldridge,* 424 U.S. at 335, 96 S.Ct. at 903. It is quite likely that in most, if not all forfeiture cases, the appointment of counsel would substantially aid a claimant in negotiating the arcane forfeiture procedures. It is also quite likely that in forfeiture cases where the claimant has a chance of success, the risk of an erroneous deprivation of property rights is substantially higher if the claimant must proceed pro-se.

Unfortunately for the Garcias, there is little chance a deprivation of their property through this particular proceeding would, in fact, be erroneous. Based upon evidence submitted by the government, the Court previously found sufficient probable cause existed to issue seizure warrants under Fed.Rule Crim.Pro. 41(c). The Garcias pled guilty to narcotics charges stemming from transactions involving their home. Examining the affidavits of the plaintiff, submitted for the purposes of the seizure warrant, and the guilty pleas of the claimants, there is ample evidence in the record to support a finding of forfeiture. Without deciding whether this evidence would eventually result in a forfeiture, the Court merely decides that an erroneous deprivation of property is unlikely in this case.[1] Therefore, when balancing the *Lassiter* presumption against required appointment of counsel and the ambivalent *Eldridge* factors in the case at bar, the Court finds that due process does not require the ap-

---

1. While the Court is not unmindful that those with the least chance of success are often those most in need of counsel, that is not the appropriate due process inquiry under *Eldridge.*

pointment of an attorney to represent the Garcias.

■ Contrary to the assertions of the Plaintiff, additional authority is granted a court to appoint an attorney under the Criminal Justice Act (CJA) for the representation of a claimant in a forfeiture proceeding. 18 U.S.C. 3006A (1991). The CJA authorizes the appointment of counsel to represent an indigent defendant in a pending criminal proceeding and all "ancillary matters appropriate to the proceedings." § 3006A(c). Ancillary proceedings are interpreted to include the defense and claim of a forfeiture action, when the defendant *in rem* might be used to reimburse the CJA funds for the criminal representation. *Guide to Judiciary Policies and Procedure* Vol. VII, Chap. II, § A 2.01(F)(5)(v) (1990).

■ At this time, many relevant facts are not before the Court. It is not clear what representation the Garcias had, how their attorneys were compensated, to what criminal activity did they plead guilty in the criminal proceedings for which they are now incarcerated, how that activity relates to this particular forfeiture action, and even whether the Garcias are truly indigent. If, after these questions are answered, it appears to the Court that the Garcias were represented by counsel compensated under the CJA and the *in rem* defendant in this proceeding might be available to reimburse the CJA fund, the Court would again consider a motion to appoint counsel for the Garcias. Without this information it is inappropriate at this time to appoint counsel for the Garcias under the CJA.

■ A court may also request an attorney to represent an indigent party to a suit under 28 U.S.C. § 1915(d). This statute does not require an attorney to serve unwillingly, *Mallard v. United States Dist. Court for Southern Dist. of Iowa,* 490 U.S. 296, 298, 109 S.Ct. 1814, 1816, 104 L.Ed.2d 318 (1989), nor does it require appointment in any but exceptional circumstances.[2] *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir.1982). In deciding whether to request an attorney to represent a party, the proper standard to employ is whether the particular case presents such exceptional circumstances. *Cole,* 686 F.2d at 266 (*citing Schack v. Florida,* 391 F.2d 593 (5th Cir. 1968) *cert. denied,* 392 U.S. 916, 88 S.Ct. 2080, 20 L.Ed.2d 1376). No clear definition of this standard exists, but it turns on the quality of two basic factors—the type and complexity of the case and the abilities of the individuals bringing it. *Cole,* 686 F.2d at 266. The determination rests within the sound discretion of the trial court. *Id.*[3]

■ The Garcias are both in federal custody at this time, and the Court is aware that this imposes substantial burdens upon them as claimants. They clearly lack the ability to personally investigate the claims of the government, depose its officers or freely cooperate with each other in the prosecution of their claims. This circumstance clearly favors the appointment of counsel. However, the Court is not convinced that this is enough to create exceptional circumstances. In its application for a seizure warrant and complaint for forfeiture, the government sets forth substantially all of its factual contentions. The Garcias are presumably aware of all the conduct allegedly committed by themselves and many of the facts of the case from the

**2.** Section 1915(d) does not provide funds to compensate attorneys who may represent indigent parties upon a court's request, so a court's authority to compensate such an attorney must be derived from 18 U.S.C. § 3006A (the CJA). However, § 3006A authorizes funding only for attorneys appointed to represent a defendant in criminal or ancillary proceedings. Since these situations require that a defendant be represented by counsel, a court is mandated to appoint an attorney under both due process and § 3006A. To complete this circle, then, if

§ 3006A funding is available for an attorney requested to serve under 1915(d), the representation was mandated and the attorney should have been appointed under § 3006A in the first instance.

**3.** *Cole* treats a court's authority as the power to appoint an attorney. *Cole,* 686 F.2d at 266. *Mallard* makes clear that appointment of an attorney under 1915(d) amounts only to a request to serve. *Mallard,* 490 U.S. at 298, 109 S.Ct. at 1816.

service of the governments notice, and the Garcias are clearly aware of the facts forming the basis of their pleas of guilty. It is not likely that the Garcias will be taken by surprise by testimony at the forfeiture trial, nor is it likely that substantial technical assistance will be required to effectively refute the evidence the government wishes to present.

The greatest burden remaining upon the Garcias due to the lack of an attorney will be the procedural hurdles that they are likely to face in advancing their claim. As noted above, filing a claim in a forfeiture case is procedurally and, sometimes, conceptually complex. It is this Court's belief, though, that once a party's claim is presented and the party understands the respective burdens of each side, the presentation of the case is relatively straightforward. Because the Court is aware of the difficulties inherent in this proceeding, and *pro-se* pleadings are to construed liberally, it is unlikely that the Garcias will be irretrievably prejudiced by procedural details. If, at some future date, it becomes apparent to the Court that the Garcias mutual incarceration so prejudices their interests that they are unable to effectively prosecute their claim, the Court, upon motion or *sua sponte*, will reconsider its denial of an appointed attorney.

The Court will remind the Garcias that contact with the Court in any manner other than the filing of pleadings, motions and answers to the Court's inquiries is considered ex-parte contact and is strongly discouraged. The Court will accept letters relating to the status of this case when copies are sent to the government's attorneys.

The Court notes, for the benefit of the Garcias, that forfeiture proceedings are governed in part by the *Supplemental Rules to the Federal Rules of Civil Procedure.* The Court also recommends that the Garcias read two previous decisions of this Court in forfeiture proceedings: *United States v. Forfeiture, Stop Six Center, Located at 3340 Stallcup, Fort Worth, Texas,* 781 F.Supp. 1200 (N.D.Tex.1991), *and*

*United States v. $80,760.00 in U.S. Currency,* 781 F.Supp. 462 (N.D.Tex.1991).

The Garcias are directed to: 1) file their claims in the forfeiture action within the time allowed by this Court, (note: these claims, and all feudatory filings, should be filed separately by each Garcia); 2) file their answers to the government's complaint within twenty days of filing their complaints; 3) file an application to proceed *in forma pauperis* to substantiate their affidavit of poverty; 4) file copies of the factual resumes that form the basis of the charges upon which they are incarcerated; and, 5) apprise the Court of the attorneys who represented each of them in their previous criminal proceedings, and how those attorneys were paid.

Therefore, it is ORDERED that claimants' Petition for Counsel and Additional Time is GRANTED in part to extend time in which to file claims and DENIED in part in that the Court will not appoint counsel to prosecute the Garcias' claim at this time.

IT IS SO ORDERED.

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Judgment by Default and in the Alternative, for Summary Judgment and Memorandum Brief, filed on July 10, 1992. Upon consideration of all pleadings, motions and applicable law, the Court is of the opinion that the motion should be DENIED.

By order dated today, the Court Granted claimant Garcias motion for an extension of time. The claimants' motion was filed in a timely manner clearly seeking specific relief. By granting the motion, the Court removed the basis upon which the plaintiff is now seeking default. Without a basis in law or fact, the motion will be denied.

The Court finds the plaintiff's Alternative Motion for Summary Judgment to be premature. Neither claim nor answer has yet been filed in this case. Because the Court granted claimants an extension of time in which to file their claims and answers, all pleadings, motions and evidence are not before the Court. The Court will

deny the plaintiff's motion at this time, without prejudice to refiling at a later date.

Therefore, it is ORDERED that the plaintiff's Motion for Judgment by Default be DENIED. It is further ORDERED that plaintiff's Alternative Motion for Summary Judgment be DENIED without prejudice to refiling at a later date.

IT IS SO ORDERED.