**Dennis POWELL, Appellant,**

v.

**Leon CLEMENTS, John Allen, Glenda Adams and Ernestine Julye, Appellees.**

No. 10–05–00418–CV.

Court of Appeals of Texas, Waco.

Feb. 14, 2007.

Rehearing Overruled April 3, 2007.

Dennis Powell, Teague, pro se.

Patrick N. Brezik, Office of Atty. Gen., Austin, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

TOM GRAY, Chief Justice.

Dennis Powell, an inmate, appeals the dismissal of his civil lawsuit against Appellees as frivolous under Chapter 14 of the Texas Civil Practice and Remedies Code. Because the trial court did not abuse its discretion in dismissing the suit and because section 74.351 of the Texas Civil Practice and Remedies Code does not violate the Open Courts provision of the Texas Constitution, we affirm.

Powell filed a lawsuit against Appellees in district court. Because he also filed an affidavit of indigence, Chapter 14 applies to his suit. TEX. CIV. PRAC & REM.CODE ANN. § 14.002(a) (Vernon 2002). The trial court dismissed his suit as frivolous. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a)(2) (Vernon 2002).

■ In Powell's fifth issue, he contends the trial court erred in dismissing his suit with prejudice as frivolous. Specifically, he argues that the trial court dismissed his suit because his claim had no arguable basis in law. But there are four different factors the trial court may consider in determining whether a claim is frivolous: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *Id.* § 14.003(b) (Vernon 2002). We review a trial court's dismissal of an inmate's suit under Chapter 14 of the Texas Civil Practice and Remedies Code under an abuse of discretion standard. *Hickson v. Moya,* 926 S.W.2d 397, 398 (Tex.App.-Waco 1996, no writ).

Powell's suit was based on a health care liability claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (Vernon 2005). Consequently, he was required to serve the Appellees with an expert report not later than 120 days after he filed his original petition. *Id.* § 74.351(a) (Vernon Supp.2006). He did not. As a result of his failure to serve Appellees with an expert report, the trial court was obligated to dismiss the claim with prejudice. *Id.* § 74.351(b). Because the claim was required to be dismissed under chapter 74, there was no realistic chance of ultimate success, if any, of Powell's claim. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(b)(1) (Vernon 2002). The trial court could properly dismiss Powell's suit as frivolous under Section 14.003(b)(1).[1] *Id.* Thus, the court did not abuse its discretion, and Powell's fifth issue is overruled.

■ But Powell takes issue with the trial court's ability to dismiss his suit for the failure to file an expert report under

---

1. We recognize that the Texas Supreme Court has cast doubt on whether a claim could be dismissed by this ground alone. *See Johnson v. Lynaugh,* 796 S.W.2d 705, 706–707 (Tex. 1990). However, due to the requirement of dismissal under Chapter 74, we cannot conclude that the trial court could not, under these facts, dismiss pursuant to section 14.003(b)(1).

Chapter 74.[2] He contends the expert report requirement of section 74.351 violates the Open Courts provision of the Texas Constitution. TEX. CONST. art. I, § 13. A litigant who wishes to prosecute an alleged violation of the Texas Constitution's open courts provision must first show he "has a cognizable common law cause of action that is being restricted" and then demonstrate "the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute." *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex.1983). Assuming without deciding that Powell has met the first prong of an Open Courts challenge, the question becomes whether section 74.351's restriction is unreasonable or arbitrary.

The Legislature, in its efforts to reduce frivolous lawsuits, has imposed strict requirements for providing expert reports early in the litigation. *Am. Transitional Care Ctrs. v. Palacios*, 46 S.W.3d 873, 877 (Tex.2001); *Gill v. Russo*, 39 S.W.3d 717, 719 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). If a plaintiff fails to abide by set time limits, then the trial court shall, on the motion of any affected physician or health care provider, enter an order dismissing the plaintiff's action against that defendant with prejudice. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b)(2) (Vernon Supp.2006). Several Texas appellate courts, including this court, have held that the statute's requirement is rationally related to the purpose of the statute to discourage frivolous malpractice suits and does not violate the Texas Constitution. *See McGahey v. Daughters of Charity Health Servs.*, No. 10–02–00288–CV, at *3, 2004 WL 1903300, 2004 Tex.App. LEXIS 7758, 8–9 (Tex.App.-Waco Aug. 25, 2004, no pet.) (mem.op.); *Perry v. Stanley*, 83 S.W.3d 819, 825 (Tex.App.-Texarkana 2002, no pet.); *Gill v. Russo*, 39 S.W.3d

717, 718–19 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). Powell has not persuaded us to diverge from this determination. Therefore, section 74.351 does not violate the Open Courts provision of the Texas Constitution and Powell's first issue is overruled.

In light of our determination of Powell's first and fifth issues, we need not discuss his remaining issues.

The trial court's judgment is affirmed.

---

**2.** This is Powell's first issue.