

# IN THE
# TENTH COURT OF APPEALS

No. 10-09-00171-CV

DAMON BANKHEAD,

Appellant

v.

DAVID T. SPENCE, D.D.S.,

Appellee

From the 52nd District Court
Coryell County, Texas
Trial Court No. COT-08-38549

# OPINION

Prison inmate Damon Bankhead appeals from the dismissal of the health care liability claim he filed against David T. Spence, a prison dentist. Bankhead contends in three issues that: (1) the court's denial of his motion for appointed counsel constitutes a "due process/open courts violation"; (2) the expert report requirement of section 74.351 of the Civil Practice and Remedies Code is an "exceptional circumstance" requiring the appointment of counsel; and (3) the dismissal of his claim denied him due process of law. We will affirm.

## Open Courts

Bankhead contends in his first issue that the court's denial of his motion for appointed counsel constitutes a "due process/open courts violation."

Bankhead claims that Spence was negligent in filling one of his teeth in November 2007. After exhausting his administrative remedies in the prison grievance system, Bankhead filed suit on October 23, 2008. The 120-day statutory deadline for filing an expert report was February 20, 2009. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon Supp. 2009). Bankhead filed a motion for appointment of counsel on February 23. Spence filed a motion to dismiss for lack of the required expert report on March 9. After a hearing, the court denied Bankhead's motion for appointment of counsel and granted Spence's motion to dismiss.

> The Texas Constitution's open courts guarantee provides that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." This provision assures that a person bringing a well-established common-law cause of action will not suffer unreasonable or arbitrary denial of access to the courts. "[I]t is, quite plainly, a due process guarantee."
>
> A statute has the effect of denying access to the courts if it unreasonably abridges a plaintiff's right to obtain redress for injuries caused by the wrongful acts of another. Proof of an open courts violation requires two elements: (1) a cognizable, common-law claim that is statutorily restricted, and (2) the restriction is unreasonable or arbitrary when balanced against the statute's purpose and basis.

*Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 783 (Tex. 2007) (quoting TEX. CONST. art. I, § 13; *Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex. 1983)) (other citations omitted).

Bankhead contends that the denial of his motion for appointed counsel constitutes a due process and open courts violation "because the door to the court is closed to him without counsel to assist him in filing the expert report." This Court and others have determined that the expert report requirement itself does not violate the open courts guarantee because it "is rationally related to the purpose of the statute to discourage frivolous malpractice suits." *Powell v. Clements*, 220 S.W.3d 138, 140 (Tex. App.—Waco 2007, pet. denied); *accord Offenbach v. Stockton*, 285 S.W.3d 517, 522-24 (Tex. App.—Dallas 2009, pet. granted); *see also Smalling v. Gardner*, 203 S.W.3d 354, 370-71 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (addressing prior law).

The Corpus Christi Court of Appeals has rejected a similar claim with respect to a trial court's refusal to appoint counsel in a civil case. *See Nance v. Nance*, 904 S.W.2d 890, 892-93 (Tex. App.—Corpus Christi 1995, no writ). In that case, the court concluded that a refusal to appoint counsel was not arbitrary or unreasonable and thus did not constitute a denial of access to the courts. *Id.*; *cf. Yancy*, 236 S.W.3d at 783 ("[open courts] provision assures that a person bringing a well-established common-law cause of action will not suffer unreasonable or arbitrary denial of access to the courts"). We reach the same conclusion here.

Bankhead argues that the denial of appointed counsel deprived him of the opportunity to be heard at a meaningful time and in a meaningful manner. This is a due process claim. *See Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'") (quoting *Armstrong v.*

*Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 1191, 14 L. Ed. 2d 62 (1965)); *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 658 (Tex. 2004) (citing *Mathews*).

We will limit our inquiry to the question of whether Bankhead was deprived of the opportunity to be heard in a meaningful manner because he did not file his motion for appointment of counsel until the eve of the statutory deadline.[1] Any lack of meaningful time lays solely at Bankhead's feet because of his delay in requesting the appointment of counsel.

As the Supreme Court of Texas has explained, "plaintiffs in medical malpractice cases are routinely represented by counsel on contingent fee contracts. As long as his claims against Gibson were meritorious, Tolbert's indigency should not have prevented him from employing able counsel." *Gibson v. Tolbert*, 102 S.W.3d 710, 713 (Tex. 2003). In the same manner, Bankhead's indigency should not have prevented him from retaining counsel on a contingent-fee basis if his claims against Spence were meritorious.

Generally, the federal constitution requires appointment of counsel only when an indigent person may be deprived of his physical liberty. *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25, 101 S. Ct. 2153, 2158, 68 L. Ed. 2d 640 (1981); *Ridgway v. Baker*, 720 F.2d 1409, 1413 (5th Cir. 1983); *United States v. 1604 Oceola*, 803 F. Supp. 1194, 1196 (N.D. Tex. 1992); *Ex parte Walker*, 748 S.W.2d 21, 22 (Tex. App.—Dallas 1988, no writ); Op. Tex. Att'y Gen. No. JM-403 (1985). The Texas constitution has not been interpreted differently in this regard. *See NCAA v. Yeo*, 171 S.W.3d 863, 867 n.14 (Tex. 2005)

---

[1]     Although the file stamp on the motion is dated 3 days after the 120-day deadline, the cover letter accompanying the motion is dated 2 days before this deadline.

("'While the Texas Constitution is textually different in that it refers to "due course" rather than "due process," we regard these terms as without meaningful distinction.' As a result, in matters of procedural due process, we have traditionally followed contemporary federal due process interpretations of procedural due process issues.") (quoting *Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995) (other citations omitted)).

"[A]s a litigant's interest in personal liberty diminishes, so does his right to appointed counsel." *Lassiter*, 452 U.S. at 26, 101 S. Ct. at 2159. Nevertheless, the United States Supreme Court held in *Lassiter* that due process may require the appointment of counsel in cases not involving a potential deprivation of personal liberty. *Id.* at 31-32, 101 S. Ct. at 2162.

> [There are] three elements to be evaluated in deciding what due process requires, viz., the private interests at stake, the government's interest, and the risk that the procedures used will lead to erroneous decisions. We must balance these elements against each other, and then set their net weight in the scales against the presumption that there is a right to appointed counsel only where the indigent, if he is unsuccessful, may lose his personal freedom.

*Id.* at 27, 101 S. Ct. at 2159 (citing *Mathews*, 424 U.S. at 334-35, 96 S. Ct. at 903). This decision must be made on a case-by-case basis. *See id.* at 31-32, 101 S. Ct. at 2161-62; *1604 Oceola*, 803 F. Supp. at 1197.

The Supreme Court concluded in *Lassiter* that due process did not require the appointment of counsel under the circumstances of that parental-rights termination case. *Lassiter*, 452 U.S. at 32-33, 101 S. Ct. at 2162-63. A Texas federal district court reached the same conclusion in a forfeiture proceeding involving the claimants'

"substantial and important" interest in maintaining ownership of their family home. *1604 Oceola*, 803 F. Supp. at 1197-98.

Here, Bankhead had nearly sixteen months after his tooth was filled and before the statutory dismissal date to retain counsel. He was aware before filing suit that the provisions of Chapter 74 applied to his lawsuit. He included with his petition an authorization for release of protected health information as provided by section 74.052. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.052 (Vernon 2005). His petition itself acknowledges that the claim is filed "pursuant to CP & R §74.001." *Id.* § 74.001 (Vernon 2005). He told the trial court that he had contacted ten attorneys about representing him but received responses from only two, both declining to represent him but referring him to other counsel.[2]

Compensation for an alleged civil wrong is an important legal interest, but it is not a compelling one, particularly not under the facts of this case. Under the circumstances, we cannot say the private interests at stake and the risk of an erroneous deprivation are so substantial as to overcome the presumption against the right to appointed counsel. *See Lassiter*, 452 U.S. at 32-33, 101 S. Ct. at 2162-63; *1604 Oceola*, 803 F. Supp. at 1197-98; *see also Nance*, 904 S.W.2d at 892-93.

---

[2]   Bankhead has attached letters from two attorneys to his brief. Assuming that these are the two responses he mentioned at the hearing, we note that in both instances he did not contact these attorneys until after the statutory dismissal date had passed. *Cf. Okorafor v. Uncle Sam & Assocs., Inc.*, 295 S.W.3d 27, 39 n.14 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (appellate court may not consider documents attached to brief but not included in appellate record).

The expert report requirement of section 74.351 does not violate the open courts guarantee because it "is rationally related to the purpose of the statute to discourage frivolous malpractice suits." *Powell*, 220 S.W.3d at 140. Bankhead has not established a due process right to counsel. To the extent Bankhead contends that the denial of counsel, standing alone, violates the open courts guarantee, we disagree. The limitations placed on appointment of counsel in civil proceedings by the Texas Supreme Court are rationally related to the legislature's intent to discourage frivolous inmate suits. *See Gibson*, 102 S.W.3d at 713.

Bankhead's first issue is overruled.

### Exceptional Circumstance

Bankhead contends in his second issue that the expert report requirement is an "exceptional circumstance" requiring the appointment of counsel. We disagree.

The motion for appointed counsel in *Gibson* was filed in response to the defendant's motion to dismiss for failure to file an expert report under the predecessor to section 74.351. *Id.* at 711-12. The Court held that exceptional circumstances warranting appointment of counsel were not present in that case. *Id.* at 713. Other appellate courts have reached the same conclusion in suits governed by section 74.351. *See Conely v. Brackenridge Hosp.*, No. 03-05-00782-CV, 2007 WL 2214484, at *2-3 (Tex. App.—Austin July 31, 2007, no pet.); *Jenkins v. Tex. Dep't of Criminal Justice*, No. 13-03-00073-CV, 2004 WL 1117171, at *1-2 (Tex. App.—Corpus Christi May 20, 2004, no pet.); *Wigfall v. Tex. Dep't of Criminal Justice*, 137 S.W.3d 268, 274-75 (Tex. App.—Houston [1st Dist.] 2004, no pet.). We are aware of no decision reaching the opposite conclusion.

Bankhead's second issue is overruled.

## Constitutionality of Section 74.351

Bankhead contends in his third issue that the dismissal of his claim denied him due process of law.[3] He characterizes this as an as-applied challenge to the constitutionality of section 74.351, citing *Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452 (Tex. App.—Austin 2006, no pet.).

In *Herrera*, however, the Austin Court of Appeals held that section 74.351 was *not* unconstitutional as applied. *Id.* at 461-62. Other courts have reached the same conclusion. *Offenbach*, 285 S.W.3d at 524; *Smith v. Hamilton*, No. 09-07-00128-CV, 2007 WL 1793754, at *2-3 (Tex. App.—Beaumont June 21, 2007, no pet.); *Thoyakulathu v. Brennan*, 192 S.W.3d 849, 855-56 (Tex. App.—Texarkana 2006, no pet.); *see also Walker v. Gutierrez*, 111 S.W.3d 56, 66 (Tex. 2003) (rejecting as-applied challenge to predecessor to section 74.351).

Bankhead's argument does not persuade us that a different result should obtain in his case. His third issue is overruled.

We affirm the judgment.

FELIPE REYNA
Justice

---

[3] Bankhead includes an open courts argument within his third issue. However, we fully addressed his open courts complaint in addressing his first issue.

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
     (Chief Justice Gray concurs in the Court's judgment to the extent it affirms the trial court's judgment of dismissal.  He does not join the opinion.  A separate opinion will not issue.)
Affirmed
Opinion delivered and filed March 24, 2010
[CV06]