IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00171-CV

 

Damon Bankhead,

                                                                                    Appellant

 v.

 

David T. Spence, D.D.S.,

                                                                                    Appellee

 

 

 



From the 52nd District
Court

Coryell County, Texas

Trial Court No. COT-08-38549

 



Opinion



 








            Prison
inmate Damon Bankhead appeals from the dismissal of the health care liability
claim he filed against David T. Spence, a prison dentist.  Bankhead contends in
three issues that: (1) the court’s denial of his motion for appointed counsel
constitutes a “due process/open courts violation”; (2) the expert report
requirement of section 74.351 of the Civil Practice and Remedies Code is an
“exceptional circumstance” requiring the appointment of counsel; and (3) the
dismissal of his claim denied him due process of law.  We will affirm.

Open Courts

            Bankhead
contends in his first issue that the court’s denial of his motion for appointed
counsel constitutes a “due process/open courts violation.”

            Bankhead
claims that Spence was negligent in filling one of his teeth in November 2007. 
After exhausting his administrative remedies in the prison grievance system,
Bankhead filed suit on October 23, 2008.  The 120-day statutory deadline for
filing an expert report was February 20, 2009.  See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a)
(Vernon Supp. 2009).  Bankhead filed a motion for appointment of counsel on
February 23.  Spence filed a motion to dismiss for lack of the required expert
report on March 9.  After a hearing, the court denied Bankhead’s motion for
appointment of counsel and granted Spence’s motion to dismiss.

            The Texas Constitution’s
open courts guarantee provides that “[a]ll courts shall be open, and every
person for an injury done him, in his lands, goods, person or reputation, shall
have remedy by due course of law.”  This provision assures that a person
bringing a well-established common-law cause of action will not suffer
unreasonable or arbitrary denial of access to the courts.  “[I]t is, quite
plainly, a due process guarantee.”

 

            A statute has the effect of
denying access to the courts if it unreasonably abridges a plaintiff’s right to
obtain redress for injuries caused by the wrongful acts of another.  Proof of
an open courts violation requires two elements: (1) a cognizable, common-law
claim that is statutorily restricted, and (2) the restriction is unreasonable
or arbitrary when balanced against the statute’s purpose and basis.

 

Yancy v.
United Surgical Partners Int’l, Inc.,
236 S.W.3d 778, 783 (Tex. 2007) (quoting Tex. Const. art. I, § 13; Sax v. Votteler, 648 S.W.2d
661, 664 (Tex. 1983)) (other citations omitted).

            Bankhead
contends that the denial of his motion for appointed counsel constitutes a due
process and open courts violation “because the door to the court is closed to
him without counsel to assist him in filing the expert report.”  This Court and
others have determined that the expert report requirement itself does not
violate the open courts guarantee because it “is rationally related to the
purpose of the statute to discourage frivolous malpractice suits.”  Powell
v. Clements, 220 S.W.3d 138, 140 (Tex. App.—Waco 2007, pet. denied); accord
Offenbach v. Stockton, 285 S.W.3d 517, 522-24 (Tex. App.—Dallas 2009,
pet. granted); see also Smalling v. Gardner, 203 S.W.3d 354, 370-71
(Tex. App.—Houston [14th Dist.] 2005, pet. denied) (addressing prior law).

            The
Corpus Christi Court of Appeals has rejected a similar claim with respect to a
trial court’s refusal to appoint counsel in a civil case.  See Nance v.
Nance, 904 S.W.2d 890, 892-93 (Tex.
App.—Corpus Christi 1995,
no writ).  In that case, the court concluded that a refusal to appoint counsel
was not arbitrary or unreasonable and thus did not constitute a denial of
access to the courts.  Id.; cf. Yancy, 236 S.W.3d at 783
(“[open courts] provision assures that a person bringing a well-established
common-law cause of action will not suffer unreasonable or arbitrary denial of
access to the courts”).  We reach the same conclusion here.

            Bankhead
argues that the denial of appointed counsel deprived him of the opportunity to
be heard at a meaningful time and in a meaningful manner.  This is a due
process claim.  See Mathews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct.
893, 902, 47 L. Ed. 2d 18 (1976) (“The fundamental requirement of due process is
the opportunity to be heard ‘at a meaningful time and in a meaningful manner.’”)
(quoting Armstrong v. Manzo, 380 U.S. 545, 552, 85 S. Ct. 1187, 1191, 14
L. Ed. 2d 62 (1965)); Tex. Workers’ Comp. Comm’n v. Patient Advocates of
Tex., 136 S.W.3d 643, 658 (Tex. 2004) (citing Mathews).

            We
will limit our inquiry to the question of whether Bankhead was deprived of the
opportunity to be heard in a meaningful manner because he did not file his
motion for appointment of counsel until the eve of the statutory deadline.[1] 
Any lack of meaningful time lays solely at Bankhead’s feet because of his delay
in requesting the appointment of counsel.

            As
the Supreme Court of Texas has explained, “plaintiffs in medical malpractice
cases are routinely represented by counsel on contingent fee contracts.  As
long as his claims against Gibson were meritorious, Tolbert’s indigency should
not have prevented him from employing able counsel.”  Gibson v. Tolbert,
102 S.W.3d 710, 713 (Tex. 2003).  In the same manner, Bankhead’s indigency
should not have prevented him from retaining counsel on a contingent-fee basis
if his claims against Spence were meritorious.

            Generally,
the federal constitution requires appointment of counsel only when an indigent
person may be deprived of his physical liberty.  Lassiter v. Dep’t of Social
Servs., 452 U.S. 18, 25, 101 S. Ct. 2153, 2158, 68 L. Ed. 2d 640 (1981); Ridgway
v. Baker, 720 F.2d 1409, 1413 (5th Cir. 1983); United States v. 1604
Oceola, 803 F. Supp. 1194, 1196 (N.D. Tex. 1992); Ex parte Walker,
748 S.W.2d 21, 22 (Tex. App.—Dallas 1988, no writ); Op. Tex. Att’y Gen. No.
JM-403 (1985).  The Texas constitution has not been interpreted differently in
this regard.  See NCAA v. Yeo, 171 S.W.3d 863, 867 n.14 (Tex. 2005)
(“’While the Texas Constitution is textually different in that it refers to “due
course” rather than “due process,” we regard these terms as without meaningful
distinction.’  As a result, in matters of procedural due process, we have
traditionally followed contemporary federal due process interpretations of procedural
due process issues.”) (quoting Univ. of Tex. Med. Sch. v. Than, 901
S.W.2d 926, 929 (Tex. 1995) (other citations omitted)).

            “[A]s
a litigant’s interest in personal liberty diminishes, so does his right to
appointed counsel.”  Lassiter, 452 U.S. at 26, 101 S. Ct. at 2159.  Nevertheless,
the United States Supreme Court held in Lassiter that due process may
require the appointment of counsel in cases not involving a potential
deprivation of personal liberty.  Id. at 31-32, 101 S. Ct. at 2162.

[There are] three elements to be
evaluated in deciding what due process requires, viz., the private interests at
stake, the government’s interest, and the risk that the procedures used will
lead to erroneous decisions.  We must balance these elements against each
other, and then set their net weight in the scales against the presumption that
there is a right to appointed counsel only where the indigent, if he is
unsuccessful, may lose his personal freedom.

 

Id. at 27, 101 S. Ct. at 2159 (citing Mathews,
424 U.S. at 334-35, 96 S. Ct. at 903).  This decision must be made on a
case-by-case basis.  See id. at 31-32, 101 S. Ct. at 2161-62; 1604
Oceola, 803 F. Supp. at 1197.

            The
Supreme Court concluded in Lassiter that due process did not require the
appointment of counsel under the circumstances of that parental-rights
termination case.  Lassiter, 452 U.S. at 32-33, 101 S. Ct. at 2162-63. 
A Texas federal district court reached the same conclusion in a forfeiture
proceeding involving the claimants’ “substantial and important” interest in maintaining
ownership of their family home.  1604 Oceola, 803 F. Supp. at 1197-98.

            Here,
Bankhead had nearly sixteen months after his tooth was filled and before the
statutory dismissal date to retain counsel.  He was aware before filing suit
that the provisions of Chapter 74 applied to his lawsuit.  He included with his
petition an authorization for release of protected health information as
provided by section 74.052.  See Tex.
Civ. Prac. & Rem. Code Ann. § 74.052 (Vernon 2005).  His petition
itself acknowledges that the claim is filed “pursuant to CP & R §74.001.”  Id. § 74.001 (Vernon 2005).  He told the trial court that he
had contacted ten attorneys about representing him but received responses from
only two, both declining to represent him but referring him to other counsel.[2]

            Compensation
for an alleged civil wrong is an important legal interest, but it is not a
compelling one, particularly not under the facts of this case.  Under the
circumstances, we cannot say the private interests at stake and the risk of an
erroneous deprivation are so substantial as to overcome the presumption against
the right to appointed counsel.  See Lassiter, 452 U.S. at 32-33,
101 S. Ct. at 2162-63; 1604 Oceola, 803 F. Supp. at 1197-98; see also
Nance, 904 S.W.2d at 892-93.








            The
expert report requirement of section 74.351 does not violate the open courts
guarantee because it “is rationally related to the purpose of the statute to
discourage frivolous malpractice suits.”  Powell, 220 S.W.3d at 140. 
Bankhead has not established a due process right to counsel.  To the extent
Bankhead contends that the denial of counsel, standing alone, violates the open
courts guarantee, we disagree.  The limitations placed on appointment of
counsel in civil proceedings by the Texas Supreme Court are rationally related
to the legislature’s intent to discourage frivolous inmate suits.  See
Gibson, 102 S.W.3d at 713.

            Bankhead’s
first issue is overruled.

Exceptional Circumstance

            Bankhead
contends in his second issue that the expert report requirement is an
“exceptional circumstance” requiring the appointment of counsel.  We disagree.

            The
motion for appointed counsel in Gibson was filed in response to the
defendant’s motion to dismiss for failure to file an expert report under the
predecessor to section 74.351.  Id. at 711-12.  The Court held that
exceptional circumstances warranting appointment of counsel were not present in
that case.  Id. at 713.  Other appellate courts have reached
the same conclusion in suits governed by section 74.351.  See Conely v.
Brackenridge Hosp., No. 03-05-00782-CV, 2007 WL 2214484, at *2-3 (Tex.
App.—Austin July 31, 2007, no pet.); Jenkins v. Tex. Dep’t of Criminal
Justice, No. 13-03-00073-CV, 2004 WL 1117171, at *1-2 (Tex. App.—Corpus Christi May 20, 2004,
no pet.); Wigfall v.
Tex. Dep’t of Criminal Justice, 137 S.W.3d 268, 274-75 (Tex. App.—Houston
[1st Dist.] 2004, no pet.).  We are aware of no decision reaching the opposite
conclusion.

            Bankhead’s
second issue is overruled.

Constitutionality of Section 74.351

            Bankhead
contends in his third issue that the dismissal of his claim denied him due
process of law.[3]
 He characterizes this as an as-applied challenge to the constitutionality of
section 74.351, citing Herrera v. Seton Nw. Hosp., 212 S.W.3d 452 (Tex.
App.—Austin 2006, no pet.).

            In Herrera,
however, the Austin Court of Appeals held that section 74.351 was not
unconstitutional as applied.  Id. at 461-62.  Other courts have reached
the same conclusion.  Offenbach, 285 S.W.3d at 524; Smith v. Hamilton,
No. 09-07-00128-CV, 2007 WL 1793754, at *2-3 (Tex. App.—Beaumont June 21, 2007,
no pet.); Thoyakulathu v. Brennan, 192 S.W.3d 849, 855-56 (Tex.
App.—Texarkana 2006, no pet.); see also Walker v. Gutierrez, 111 S.W.3d 56,
66 (Tex. 2003) (rejecting as-applied challenge to predecessor to section
74.351).

            Bankhead’s
argument does not persuade us that a different result should obtain in his
case.  His third issue is overruled.

We
affirm the judgment.

 

FELIPE REYNA

Justice




Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurs in the Court’s judgment to the extent it affirms the trial
court’s judgment of dismissal.  He does not join the opinion.  A separate
opinion will not issue.)

Affirmed

Opinion
delivered and filed March 24, 2010

[CV06]









[1]
              Although the file
stamp on the motion is dated 3 days after the 120-day deadline, the cover
letter accompanying the motion is dated 2 days before this deadline.





[2]
              Bankhead has
attached letters from two attorneys to his brief.  Assuming that these are the two
responses he mentioned at the hearing, we note that in both instances he did
not contact these attorneys until after the statutory dismissal date had
passed.  Cf. Okorafor v. Uncle Sam & Assocs., Inc., 295 S.W.3d 27,
39 n.14 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (appellate court may
not consider documents attached to brief but not included in appellate record).





[3]               Bankhead includes an open
courts argument within his third issue.  However, we fully addressed his open
courts complaint in addressing his first issue.







[Wagner:] I believe I received it [the copy of the final judgment] on June or July 1st
from [Nacco lawyer] Timothy J. Leahy’s office. He faxed it to me as proof that he had
obtained a judgment.
 
Q. And subsequent to receiving that document did you have any conversations with
Mr. Leahy?
 
A. Yes. I – I had made – at that point I had made three payments but I had not
furnished any financial information and I wanted to make sure that he was going to
continue accepting the three payments or the future $1500 payments and not bug me or
harass me about the financial information, since I had made the three payments. And he
agreed at that time that he wouldn’t pursue the financial information.
 
Q. All right. Notwithstanding – not only did he agree to that, was there any other
agreements reached in this conversation after the July 1st, 1997 [sic: June 16, 1997] final
judgment that was sent to you?
 
A. He agreed to continue to accept the $1500 until this final judgment was paid in
full.

      We hold that Wagner’s July 1997 phone call to Nacco’s lawyer, the purpose of which was to
confirm that Dove Creek could continue to make payments under the settlement agreement without
fear of being “bugged” for its failure to provide financial statements Dove Creek previously
agreed to give Nacco, did not constitute a “new” agreement allowing circumvention of Rule 11's
requirement that the settlement agreement be filed with the court “touching any suit pending.” 
To hold otherwise would allow a debtor to circumvent Rule 11 by: making an agreement with the
creditor while the suit was pending, not filing the agreement with the court, and later, simply
phoning the creditor after the trial court lost jurisdiction to inquire as to whether it should continue
making payments under the agreement. We also reiterate that Dove Creek’s own pleadings reveal
that its cause of action against Nacco arose from an alleged overpayment to Nacco under a verbal
settlement agreement made “on or before” entry of the June 16, 1997 in cause number 97-02666
in the 160th District Court. Because the settlement agreement between Nacco and Dove Creek was
made in May or June of 1997, at a time when the case was still pending in the 160th District Court,
the parties failure to comply with Rule 11 bars both from enforcing the settlement agreement under
a breach of contract cause of action. Nacco’s third issue is sustained.
      Given our conclusion that Dove Creek’s breach of settlement agreement claim is barred by
Rule 11, we need not address Nacco’s contention that the trial court erred in its calculation of the
attorney’s fees awarded Dove Creek. The trial court’s May 7, 1999 sanctions order is reversed
and rendered. The trial court’s October 12, 1999 judgment is reversed and rendered. 
 
DAVID L. RICHARDS
                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Richards (Sitting by Assignment)
Reversed and Rendered
Opinion delivered and filed August 8, 2001
Do not publish