**Opinion issued June 14, 2016.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00106-CV

————————————

**PATRICK CHARLES, Appellant**

**V.**

**METHODIST HEALTH CENTERS D/B/A HOUSTON METHODIST SUGAR LAND HOSPITAL, Appellee**

On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Case No. 15-DCV-221990

## MEMORANDUM OPINION

Appellant, Patrick Charles, is appealing the trial court's dismissal of his suit

against appellee, Methodist Health Centers D/B/A Houston Methodist Sugar Land

Hospital, pursuant to section 74.351 of the Texas Civil Practices and Remedies Code. We affirm the trial court's judgment.

## Background

On March 17, 2015, appellant, proceeding pro se, filed suit against Methodist alleging multiple claims, including negligence, neglect, elder abuse, and violations of the Texas Human Resources Code. Specifically, appellant alleged that he was admitted to Methodist on April 26, 2013 for prostate cancer surgery, and that while he was recuperating after surgery, the hospital's nursing staff ignored his repeated pleas for assistance, denied him food and nourishment until appellant's treating physician intervened, and failed to render adequate care, in part, because they did not promptly clean appellant.

Appellant further contends that he was admitted to Methodist on March 7, 2014 for treatment of complications from his 2013 prostate surgery. During that hospital stay, appellant alleges that he soiled himself and was forced to remain in his own waste and blood for an extended, and unacceptable, length of time because the hospital's nursing staff abandoned him with no bed pan or urinal and ignored his repeated pleas for assistance. Appellant further contends that he developed a urinary tract infection as a result of the nursing staff's neglect and abuse, and that he is suffering from depression as a result of the mistreatment he suffered at the hands of the hospital's staff.

On April 10, 2015, Methodist timely filed its original answer denying all of appellant's claims. After appellant failed to serve Methodist with an expert report within 120 days of Methodist filing its answer in this case, Methodist moved to dismiss appellant's claims pursuant to Texas Civil Practice and Remedies Code section 74.351. On September 9, 2015, the trial court held a hearing on Methodist's motion to dismiss and took the matter under advisement.

On January 21, 2015, the trial court held another hearing on Methodist's motion to dismiss for failure to file an expert report. Appellant acknowledges that he attended the hearing and the record reflects that appellant subpoenaed two of Methodist's employees to testify at the hearing.[1] No record was made of the hearing.

The following day, the trial court signed an order granting Methodist's motion to dismiss for failure to file an expert report and the trial court dismissed appellant's claims with prejudice on this basis. This appeal followed.

**Dismissal for Failure to File Chapter 74 Expert Report**

On appeal, appellant argues, among other things, that the trial court erred by dismissing his suit without first addressing the merits of his claims and that the trial court was biased against him, as reflected by the court's refusal to allow two of

---

[1] On January 19, 2015, Methodist filed a motion to quash the subpoenas, a motion for protection, and an objection to the subpoenas. The record does not reflect that the trial court ruled on Methodist's motion.

3

appellant's fact witnesses and a potential expert witness to testify at the January 21, 2015 hearing on Methodist's motion to dismiss.[2]

## A.    Standard of Review

Generally, we review a trial court's decision on a motion to dismiss a health care liability claim for an abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001). Whether a cause of action is a health care liability claim, however, is a legal question that we review de novo. *Loaisiga v. Cerda*, 379 S.W.3d 248, 254–55 (Tex. 2012). When determining whether a claim is a health care liability claim, we focus on the facts underlying the claim and not the language used in the plaintiff's pleadings or the legal theories asserted. *Id.* at 255.

## B.    Applicable Law

Pursuant to the Texas Medical Liability Act (TMLA), a claimant asserting a health care liability claim must serve an expert report on the defendant within a specified deadline and until that time, discovery is limited. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a),(c), & (s) (West Supp. 2015). If the claimant fails to serve an expert report, the trial court must, on the defendant's motion, dismiss the claims

---

[2]    Appellant also complains about alleged errors in the clerk's record, including the district clerk's classification of the disposition of his suit, and failure to give notice of Methodist's motion to quash before the January 21, 2015 hearing. None of these alleged errors, however, impact the resolution of this appeal or the propriety of the trial court's judgment.

with prejudice and award the defendant reasonable attorney's fees and costs. *Id.* § 74.351(b) (West Supp. 2014). The TMLA defines a "health care liability claim" as:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (West Supp. 2015).

Under the TMLA, there is "'a rebuttable presumption that a patient's claims against a physician or health care provider based on facts implicating the defendant's conduct during the course of a patient's care, treatment, or confinement' are health care liability claims." *Bioderm Skin Care, LLC v. Sok*, 426 S.W.3d 753, 758 (Tex. 2014) (quoting *Loaisiga*, 379 S.W.3d at 252). Furthermore, when multiple claims against the same defendant are based on the same underlying facts encompassed by provisions of the TMLA, all claims brought against that defendant based on those facts must be brought as health care liability claims. *Yamada v. Friend*, 335 S.W.3d 192, 193–94 (Tex. 2010).

**C. Analysis**

We begin by noting that, although we construe pro se pleadings and briefs liberally, we hold pro se litigants, such as appellant, to the same standards as licensed attorneys and require them to comply with all applicable laws and rules of procedure.

*See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 693 (Tex. App.—Dallas 2008, no pet.). An indigent, pro se claimant who asserts a health care liability claim is required to comply with the TMLA's expert report requirement. *See generally Bankhead v. Spence*, 314 S.W.3d 464, 467–69 (Tex. App.—Waco 2010, pet. denied) (affirming dismissal of indigent pro se plaintiff's health care liability claim for failure to file expert report).

Appellant alleged that Methodist's nursing staff abused, abandoned, and neglected him, and violated his rights when he was Methodist's patient by failing to adequately provide for his basic health and safety needs, such as food and proper hygiene. These allegations that Methodist departed from accepted standards of health care and patient safety implicate Methodist's conduct during the course of appellant's care and treatment when he was a patient, and, therefore, meet the statutory definition of a health care liability claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13); *see also Bioderm Skin Care, LLC*, 426 S.W.3d at 758; *Loaisiga*, 379 S.W.3d at 252.

Because all of appellant's claims, including his elder abuse and statutory violation claims, stem from the same set of facts relating to the post-surgical care and treatment he received at Methodist while he was a patient, all the claims must be brought as health care liability claims. *See Yamada*, 335 S.W.3d at 193–94; *see*

*generally Shaw v. BMW Healthcare, Inc.*, 100 S.W.3d 8, 15 (Tex. App.—Tyler 2002, pet. denied) (holding patient could not bring claim for elder abuse separate from his health care liability claim because claims arose from same set of facts). Therefore, the TMLA required appellant to serve Methodist with a written expert report within 120 days of Methodist filing its answer. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a),(c),(r). It is undisputed that appellant never served Methodist with an expert report. Because Methodist moved for dismissal based on appellant's failure to serve a timely expert report, the trial court was required to dismiss appellant's claims with prejudice. *See id.* § 74.351(b).

The trial court did not err or abuse its discretion by refusing to address the merits of appellant's complaints against Methodist or by refusing to allow appellant's witnesses to testify at the hearings on the motion because dismissal with prejudice was required in this case. *See Obstetrical & Gynecological Assocs., P.A. v. McCoy*, 283 S.W.3d 96, 101 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (stating when plaintiff fails to comply with expert report requirement and defendant moves to dismiss on that basis, "the trial court has no discretion to do anything other than dismiss the case with prejudice").

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.