**Opinion issued October 25, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00566-CV

————————————

## SAMUEL J. BURLESON, Appellant

## V.

## TRACY D. PUCKET, ET AL., Appellees

On Appeal from the 12th District Court
Walker County, Texas
Trial Court Case No. 1728210

## MEMORANDUM OPINION

Samuel J. Burleson, an inmate in the Texas Department of Criminal Justice,

filed a pro se suit against TDCJ correctional officers and employees, alleging claims

of theft, fraud, malicious prosecution, conspiracy, and unlawful use of trade name,

along with a Due Process claim. The trial court dismissed the case with prejudice for

failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. Burleson appeals the dismissal. The Office of the Attorney General filed an amicus curiae brief in support of the trial court's judgment dismissing the case. We affirm.

## Background

On April 4, 2017, Burleson filed a pro se suit against TDCJ Sergeants Tracy Puckett and Jody Loitz, and TDCJ counsel Jimmie Bailey. Burleson alleges that in a November 20, 2014, cell search, Puckett and Loitz wrongfully seized legal paperwork, a newspaper, a radio, and a printout of his e-mail account's address book. He alleges Bailey then wrongfully served him with a disciplinary case for filing a fraudulent financial statement, based on two forms that were seized. Burleson alleges the appellees then wrongfully convicted him in the disciplinary case to retaliate for "his ongoing legal pursuits." He also alleges that his name is copyrighted, and that accusatory instruments in the disciplinary case use his purported trade name without his permission. Burleson seeks declaratory and injunctive relief, compensatory and punitive damages, and costs. Burleson sues appellees in their official and individual capacities. The trial court dismissed Burleson's suit as frivolous for failure to comply with Chapter 14 because he failed to timely file suit pursuant to section 14.005(b). Burleson appeals the dismissal.

## Standard of Review

Chapter 14 of the Texas Civil Practice and Remedies Code governs civil suits, other than suits brought under the Family Code, filed by inmates in which the inmate claims indigence by filing an affidavit or unsworn declaration of the inability to pay the court costs. *See* TEX. CIV. PRAC. & REM. CODE §§ 14.001-14.014. A trial court may dismiss an inmate's suit under Chapter 14 if it is frivolous, considering whether, inter alia, it has no arguable basis in law or in fact. *Id*. at §§ 14.003(a)(2), (b)(2). A claim has no arguable basis in law if it relies upon an "indisputably meritless legal theory." *Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Minix v. Gonzales*, 162 S.W.3d 635, 637 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

We typically review a trial court's dismissal of an inmate's suit under Chapter 14 for an abuse of discretion. *See Powell v. Clements*, 220 S.W.3d 138, 139 (Tex. App.—Waco 2007, pet. denied); *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied). But when, as here, an inmate's suit is dismissed as frivolous for having no basis in law or in fact, but no fact hearing is held, our review focuses on whether the inmate's lawsuit has an arguable basis in law. *See Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Although a chapter 14 dismissal is reviewed under an abuse of discretion, the issue as to whether a claim has an arguable basis in law is a legal

3

question that we review de novo. *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.) We will affirm the dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex.1990).

In conducting our review, we take as true the factual allegations in an inmate's petition and review the types of relief and causes of action set out therein to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief. *See Scott*, 209 S.W.3d at 266. When, as here, a trial court does not issue findings of fact and conclusions of law, we imply all findings necessary to support the judgment. *Griffith v. Griffith*, 341 S.W.3d 43, 49 (Tex. App.—San Antonio 2011, no pet.) (citing *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002)).

**Discussion**

Under Chapter 14, an inmate is required to exhaust his remedies within the prison's grievance system before filing suit. TEX. CIV. PRAC. & REM. CODE § 14.005. "An inmate . . . shall file with the court: (1) an affidavit or unsworn declaration stating the date the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; and (2) a copy of the written decision from the grievance system." *Id.* § 14.005(a). As the Texarkana Court of Appeals explained:

> The purpose of Section 14.005 is to allow the trial court to ensure
> that an inmate proceeding in forma pauperis has first used

4

TDCJ's grievance procedure, if it is applicable to his claim. Though Section 14.005 does not explicitly so provide, its obvious purpose is to allow the trial court to dismiss a suit when it becomes clear that the inmate has failed to provide the information the statute requires. Therefore, it is incumbent on the inmate to provide the required information before it comes to the trial court for review. This is especially true because Section 501.008 of the Government Code precludes an inmate from filing a claim until he has exhausted his administrative remedies through the grievance system.

*Smith v. Tex. Dep't of Crim. Justice—Int'l Div.*, 33 S.W.3d 338, 341 (Tex. App.— Texarkana 2000, pet denied).[1] If an inmate disagrees with the grievance system's written decision, he may file a lawsuit no later than 31 days after the date he receives the grievance system's final written decision. TEX. CIV. PRAC. & REM. CODE § 14.005(b). If an inmate fails to file his claim before the 31st day, the court must dismiss the claim. *Id.*

Burleson's suit was filed on April 4, 2017, more than two years after receiving final written decisions from the prison grievance system. Burleson initiated grievance No. 2015048271 on November 24, 2014, complaining of the cell search and property seizure. The grievance system's final written decision is dated January 29, 2015. Burleson initiated grievance No. 2015053855 on December 4, 2014, complaining of the disciplinary hearing. The final written decision is dated January

---

[1] Burleson asserts that irregularities in the prison grievance system can excuse the exhaustion requirement, but Burleson cites no particular irregularities with respect to his grievances.

20, 2015. Because Burleson's suit was untimely filed more than 31 days after receipt of the final written decisions, Burleson's claims have no arguable basis in law and the trial court properly dismissed the claims with prejudice. *See id.*; *see also Fernandez v. T.D.C.J.*, 341 S.W.3d 6, 13 (Tex. App.—Waco 2010, no pet.)

Burleson asserts that a subsequent grievance renders his suit timely. Specifically, he asserts that his "[m]ost recent exhaustion is Grievance Number ~ 2017129825 placing us well within the 30-day or two-year limits." But subsequent grievances, even if relevant and properly exhausted, do not revive a claim once the initial deadline to file passes. *See Allen v. Texas Dep't of Crim. Justice*, 80 S.W.3d 681, 683 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

In *Allen*, a final written decision on appellant's grievance was issued and appellant subsequently filed a new grievance over the same incident. Appellant then filed suit almost 17 months after the initial written decision on his grievance. The trial court dismissed the suit. On appeal, our court rejected appellant's argument that his subsequent grievance extended the deadline:

> Filing this second grievance did not extend appellant's deadline to file his state court claim. [¶]. The statute simply states that the trial court "shall dismiss a claim" if the inmate does not file it before the 31st day after he receives the decision from the grievance system. [TEX. CIV. PRAC. & REM. CODE] § 14.005(b). Nothing in the statute indicates that appellant's pursuit of a federal remedy or his filing a second grievance would suffice to extend the deadline to file a state claim.

*Allen*, 80 S.W.3d at 683. We similarly conclude that subsequent grievances asserted by Burleson fail to extend section 14.005(b)'s deadline and thus the trial court properly dismissed the suit as untimely filed.

Finally, Burleson argues that dismissal with prejudice is inappropriate where the inmate can remedy his failure to comply with the requirements of Chapter 14. But his failure to file suit within the time required by section 14.005(b) is not a defect that can be cured. There is nothing Burleson could have done on or after the trial court's dismissal that would have made his April 4, 2017 suit timely under section 14.005(b).

## Conclusion

We affirm the order of the trial court.


Jane Bland
Justice


Panel consists of Justices Keyes, Bland, and Lloyd.